## Lochman and Wife *versus* Brobst.

|102 481|
|182 589|

1. A married woman, having a separate estate, may purchase land upon the credit of her separate estate.

2. In a contest between a married woman and her husband's creditors, in which she claims title to land purchased by her during coverture upon credit, it is incumbent upon her to prove affirmatively, (1) that she had a separate estate, and (2) that the purchase was made upon the credit of such separate estate. Failing to prove the second requirement, though she proves the first, she cannot retain the land.

3. The property of A., who was insolvent, was sold at sheriff's sale, under a mortgage, to A.'s wife, who had a separate estate; by an arrangement between her and the mortgagee, she did not pay the purchase money to the sheriff, but the mortgagee receipted to the sheriff for his debt; the sheriff thereupon executed a deed to the married woman, who, with her husband, immediately executed a new mortgage, on the same property, to the said mortgagee for the whole purchase money. Subsequently the property was again sold at sheriff's sale under a judgment against the husband. In ejectment by the purchaser at the last mentioned sale, the court instructed the jury that if they found that the said mortgagee made the above stated arrangement with the wife upon the credit of her separate estate, she was entitled to retain the land, otherwise, the plaintiff was entitled to recover:

*Held*, that the instruction was in strict accord with the authorities.

March 5th 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Lehigh county :* Of July Term 1882, No. 138.

Ejectment, by George Brobst against Benjamin Lochman and Catharine Lochman his wife for a certain house and lot situate on Seventh street in the city of Allentown, of which the defendants were in possession. Plea, not guilty.

6 OUTERBRIDGE.—31

[Lochman *v.* Brobst.]

On the trial, before ALBRIGHT, P. J., the plaintiff put in evidence a deed for the premises in question, dated May 27th 1873, from one Fitch to Benjamin Lochman. Also the record of a judgment against Benjamin Lochman recovered to January Term 1878, under which the property was sold at sheriff's sale, as the property of Benjamin Lochman, to the plaintiff, and a sheriff's deed acknowledged to him therefor, January 27th 1880. The plaintiff then rested.

The defendant, Mrs. Catharine Lochman, claimed that at the time of said sheriff's sale to the plaintiff, the property was her separate estate, and adduced evidence to the following effect.:

Benjamin Lochman, being the owner of the property, by virtue of the said deed to him from Fitch, on July 10th 1876, executed a mortgage thereof to the Equitable Loan, Saving and Building Association; said association recovered judgment by confession on said mortgage, to April Term 1879, and under a levari facias thereon the premises were sold at sheriff's sale as the property of Benjamin Lochman. The sheriff made return that the same was purchased by Catharine Lochman.

Mrs. Lochman testified that she paid the sheriff $25, for costs and taxes, which sum she obtained from her daughter-in-law; that it was agreed between herself and the Equitable Association, the plaintiff in the execution, that the association would not look to the sheriff for the payment of their judgment out of the proceeds of the sale, but that, upon a conveyance of the property to her by the sheriff, she should execute to the association a new mortgage upon the same premises for the purchase money. Her husband thereupon transferred to her two shares in the said association theretofore owned by him, and the arrangement, as above detailed, was consummated on April 29th 1879, by the execution of the sheriff's deed to Mrs. Lochman, and the execution on the same day of a bond and mortgage by her (in which her husband joined), to the association for $400, and the treasurer of the association receipted for its debt to the sheriff.

Mrs. Lochman, further, in order to show that at the time of this arrangement she had a separate estate, proved that she then owned another house and lot situate on Sixth street, in Allentown, which had been conveyed to her in her maiden name of Troxel, by one Kramer in 1849, prior to her marriage with Lochman; also that she received under her mother's will certain personal property, and also the sum of $391.81 from the estate of her uncle. There was some vague testimony that she had lent small sums to her husband at different times, and it was claimed that the transfer to her by her husband of the said two shares of stock was in payment of such indebted-

[Lochman v. Brobst.]

ness.    There was no direct evidence that the association, in making the above-mentioned transaction with Mrs. Lockman gave credit to her separate estate, other than the value of said shares of stock, and the property mortgaged. .

The plaintiff presented, inter alia, the following points :

3.    Mrs. Lochman in this issue is claiming the property in dispute in opposition to the plaintiff, who was a creditor of the husband, and is now the owner, by purchase, through the sheriff, of the interest of the husband in the property.    The deed upon which she relies is dated since her marriage, and before, she can defeat a verdict for the plaintiff in this case she must show affirmatively that she has received money or other property by " will, descent, conveyance or otherwise," and invested it in the property claimed.

Answer.    Affirmed.

4.    A married woman cannot purchase upon credit, unless that credit was founded on her own separate estate.    Where, however, a married woman is the owner of a house and lot, and during coverture purchases another, and gives a mortgage upon the property last purchased, for the whole purchase money, this is a purchase upon credit, and the fact that she was the owner of another property, is of no consequence, and will not give her title to the property purchased upon credit as against her husband's creditors.

Answer.    Affirmed.

The defendant presented inter alia, the following point :

2.    If the jury believe that Mrs. Lochman had a separate estate, she had a right to purchase the property in question on her credit.

Answer.    Refused.    The purchase must have been upon the credit of her separate estate.

The court charged the jury, inter alia, as follows :

" If the building association gave Mrs. Lochman credit for the amount of money which they would have had to draw from the sheriff, and which it is admitted on the part of the president they did not draw, but agreed with Mrs. Lochman that they would give her credit on her own separate estate, they were at liberty to do so, and if she thus consummated the sale it would make a good title in her. . . . I therefore say to you that she (Mrs. Lochman), has to-day, and had in 1879, when these questions arose, a separate estate.    But even if she had a separate estate, and if the Building Association when they gave this credit which enabled her to obtain this title from the sheriff in her own name, did not give that credit on the strength of her separate estate, then it would avail her nothing. . . . You will in the next place inquire whether the Building Association, when they made the arrangement alleged to have been made by

the defendants, did give Mrs. Lochman the credit (I refer now to the arrangement by which they agreed not to demand the money they had to receive from the sheriff from him, but entered into this contract with Mrs. Lochman), and whether they gave her that credit upon the strength of her separate estate. If you find it proved clearly, fully and satisfactorily that they did, then that branch of the case will be decided in favor of Mrs. Lochman, the defendant. If you find that it is not so proven, and that that branch of the case is decided against her, then she cannot recover and your verdict will be in favor of the plaintiff. . . . Inasmuch as Catharine Lochman, who claims the property by prior sheriff's· deed, is the wife of Benjamin Lochman, as whose property this lot was sold, it is incumbent upon her to show that she was the bona fide purchaser of this property, and that she paid for it with her own funds. . . . Therefore, I instruct you that before the wife's title can be sustained, she must show that she paid the purchase money with her own means."

Verdict for the plaintiff, and judgment thereon; the defendants took this writ of error, assigning for error the answers to the above points and the portions of the charge above quoted.

*John Rupp* (*C. J. Erdman* with him), for the plaintiffs in error.—A married woman, who, having a separate estate, purchases real estate upon its credit, may hold the same against her husband's creditors: Sixbee *v.* Bowen, 10 Norris 149; Seeds *v.* Kahler, 26 P. F. S, 262; Brown *v.* Pendleton, 10 P. F. S. 419; Silveus *v.* Porter, 24 P. F. S. 448; Bacher *v.* Ream, 18 P. F. S. 421; Rush *v.* Vought, 5 P. F. S. 437. It is fairly deducible from these authorities that where a married woman, having an ample separate estate as the foundation for her credit, purchases real estate, and mortgages the same to a stranger to raise a part or the whole of the purchase money, such purchase is a purchase on the credit of her separate estate, and her husband's creditors cannot take it from her. The court below, in affirming the plaintiff's fourth point, denied that legal proposition, which we say was error. The portions of the charge assigned for error imposed a burden upon the defendants they were not bound to assume, by requiring clear direct proof that the association gave Mrs. Lochman credit upon the strength of her separate estate. Her evidence was not rebutted. She proved that she had a separate estate; that the association made a loan to her, and accepted her mortgage on a property conveyed to her in her own name. It was not pretended, and the facts rebutted any presumption, that the association credited her insolvent husband; and it was clearly proved that the only foundation of the credit given to her was

[Lochman v. Brobst.]

her separate estate. This brings the case within the doctrine
of Sixbee v. Bowen, 10 Norris 149, and the other cases before
cited.

*Edward Harvey* (*John D. Stiles & Son* with him), for the
defendant in error.—In all the authorities supporting the pur-
chase by a married woman on credit, as against her husband's
creditors, it is expressly held that she must affirmatively prove
not only that she had a separate estate, but that the credit was
given on the faith or security of that estate. This is especially
illustrated in Conrad v. Shomo, 8 Wr. 193 ; Robinson v. Wal-
lace, 3 Wr. 129 ; Brown v. Pendleton, 10 P. F. S. 423 ; and
Curry v. Bott, 3 P. F. S. 400. In the last cited case, the wife
gave a note for the purchase-money of real estate ; the court
said " her note was invalid ; at most it was but her credit,
which, without a separate estate *devoted* to its payment, vested
no title to the land in her."

Mr. Justice GREEN delivered the opinion of the court,
April 2d 1883.

The learned judge of the court below said to the jury in
his charge, " If the Building Association gave Mrs. Lochman
credit for the amount of money which they would have had to
draw from the sheriff, and which it is admitted on the part of
the president they did not draw, but agreed with Mrs. Lochman
that they would give her credit upon her own separate estate,
they were at liberty to do so, and if she thus consummated the
sale it would make a good title in her." After referring to the
testimony on the question whether Mrs. Lochman had a separ-
ate estate at the time of the purchase of the property in ques-
tion, the judge instructed the jury positively that she had a
separate estate, and then in the latter part of the charge, recur-
ring to the subject, he said, " You will in the next place inquire
whether the Building Association when they made the arrange-
ment alleged to have been made by the defendant, did give
Mrs. Lochman the credit (I refer now to the arrangement by
which they agreed not to demand the money they had to re-
ceive from the sheriff from him but entered into this contract
with Mrs. Lochman) and whether they gave her that credit on
the strength of her separate estate. If you find it proved
clearly, fully and satisfactorily that they did, then that branch
of the case will be decided in favor of Mrs. Lochman, the de-
fendant." The learned counsel for the plaintiffs in error com-
plain that the court charged the jury " that a married woman
under no circumstances can purchase upon credit," and then to
convict the court of error, they cite the decisions of this court
that a married woman may purchase property wholly upon

credit if she have a separate estate, and the credit is given upon
that estate.   We think the complaint is not sustained and the
portions of the charge quoted above clearly establish that the
question whether the credit was given upon Mrs. Lochman's
separate estate was fairly left to the jury and in precise accord
with the decisions referred to.   Nor did the court charge that
it was necessary for a married woman to pledge her own separ-
ate estate by mortgage or otherwise, if, in point of fact the
credit was given upon the faith of the separate estate, and this
also is in conformity to the authorities.   It seems very clear to
us that the court went quite as far in stating the law upon this
subject, as is permitted by the cases, and Mrs. Lochman was af-
forded the full benefit of the most advanced doctrine which has
been thus far announced.   In the statement of the general rule
in regard to the acquisition of property by a woman after mar-
riage, as expressed in the plaintiffs' third point, and in the por-
tions of the charge covered by the ninth and tenth assignments,
the court was entirely correct.

This doctrine has been held in many cases and we certainly
do not mean to abandon it yet.   In Barringer *v.* Stiver, 13 Wr.
129, it was well expressed by Mr. Justice AGNEW : "We adhere to
the settled doctrine, that it is only where the property acquired
after marriage has been paid for with her own separate estate,
clearly and satisfactorily established, it is hers, and is protected
from her husband's creditors.   To suffer a wife to purchase upon
credit, is to open a wide door for fraud.   Its effect is to throw
upon the creditors the burden of proving whose fund afterwards
entered into the payment.   For starting with title founded on
her credit, she can stand upon it, until the husband's means can
be shown to enter into the purchase."   We do not understand
the answers to the plaintiff's fourth point and the defendant's sec-
ond point, to be obnoxious to the criticism made upon them by
the learned counsel for plaintiffs in error.   Evidently what the
court meant to say, and in reality did say, was that a purchase
by a married woman upon her bare credit, unsupported by a sep-
arate estate, would give her no title.   This is manifest by the
concluding clause of the answer to defendant's second point:
" The purchase must have been upon the credit of her separate
estate."   This is exactly what we said in Sixbee *v.* Bowen, 10
Norr. 149.   " She is not precluded from buying on credit, but
it is incumbent on her to show that her separate estate was the
foundation of her credit."   And in Seeds *v.* Kahler, 26 P. F. S.
262, it is said, " It is well settled, that when the wife has a separ-
ate estate, and she buys property on the credit of that separate
estate, she may hold it against the creditors of her husband."

It seems to be contended for the plaintiffs in error that if a

married woman purchases real estate and gives a mortgage on it for the whole amount of the purchase money, this will give her a good title, if it is a fact that she has at the time some separate estate of her own. In other words mere proof that she did own separate estate, without showing that credit was given upon it in any way, is sufficient to convert what would otherwise be a void sale into a valid one, as against the husband's creditors. We do not so understand the decisions. In all of them it is expressly held, that if the property was purchased by the wife on credit, it must have been upon the credit of a separate estate owned by the wife, in order to protect it against the husband's creditors. Thus in Bucher v. Ream, 18 P. F. S. 421, we said on p. 426, "and property purchased by the wife on the credit of her separate estate or by her earnings derived from the management of it, is protected from her husband's creditors: Brown v. Pendleton, 10 P. F. S. 419. But where the wife has no separate estate, she can acquire no separate property with her earnings during coverture. Her earnings belong to her husband and if she purchases property with borrowed money or on credit, it belongs to her husband as it respects his creditors and is liable for his debts." In Brown v. Pendleton, the goods levied on as the husband's were purchased by the wife with money borrowed by her on a mortgage of her separate real estate. She opened a store with such goods and kept a separate bank account upon which she drew to pay for goods purchased, and she purchased other goods on a short credit with which, mingled with the others, she carried on business, it was held, the case should have gone to the jury, on the question whether the goods purchased on credit were acquired on the credit of her separate estate and its earnings. Agnew, J., said, "But where she has known property of her own, the credit founded upon it, or the products arising from it, are protected from her husband's creditors." That is, there must not only be a separate estate, but there must be a credit founded upon that estate, where the purchase has been upon credit, in order to protect it. The same was held in Silveus's Ex'rs v. Porter, 24 P. F. S. 448, and in Seeds v. Kahler, 26 P. F. S. 262. In the latter case we said, "She is not precluded from buying upon credit, provided it be upon the credit of her separate estate. It is incumbent upon her to establish the fact that the purchase was so made, to protect her title against the creditors of her husband." . . . "As already shown she had a separate estate: her husband had none. The question then is, was there sufficient evidence to leave to the jury to find whether the mare was purchased for the plaintiff and on the credit of her separate estate?" From this it will be seen that it is not enough to show merely that the wife has a separate

estate, but she must go further and show that the purchase was made upon the credit of that estate. This was precisely the rule which the learned judge of the court below followed in the present case. He told the jury that if the Building Association gave credit to Mrs. Lochman upon her separate estate, in the arrangement they made with her, she would acquire a good title. The jury found against her, and we think the evidence was such as to justify such a finding. As to the shares of stock in the Building Association, the court left fairly to the jury the question whether the transfer of them by her husband to her was in fraud of creditors or in payment of a debt due to her, and the jury found against her. Certainly this was a question of fact to be determined by the jury. We think the claim of the wife was treated with great fairness by the court; she was allowed full opportunity to bring her case within the most recent rulings in relation to purchases on credit by married women, and she failed because she could not satisfy the jury of the necessary facts to make out her case.

Judgment affirmed.