NICHOLA DESTEFANO v. JOSEPH CALANDRIELLO.

Under the Practice act, the Circuit Court must settle all disputed facts before it can send such case to this court as one of doubt and difficulty.

In attachment. On case certified from the Hudson Circuit.

Argued at November Term, 1894, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE and VAN SYCKEL.

For the motion, *Joseph A. McCreery.*

*Contra, Gilbert Collins.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. A judgment in attachment was entered in the Circuit Court of the county of Hudson for the plaintiff's claim, no other creditor having intervened. The plaintiff and defendant having compromised their controversy on the basis of the acceptance of a less sum than the amount recovered, the judgment was canceled of record by virtue of a warrant to enter satisfaction, in accordance with the method prescribed in the twenty-third section of the act concerning judgments. *Rev., p.* 523.

There seems to be no doubt that, with respect to form, this judgment in attachment was extinguished by this procedure;

but it being alleged that such satisfaction was collusive and fraudulent, as it made no provision for the payment of the costs of the attachment proceedings, and as the parties had consciously disregarded the rights of certain assignees of an interest in the judgment, a motion was made in the Circuit Court to set aside the cancellation of the judgment that had been effected in the manner stated. A rule to show cause and to take testimony was granted. After the hearing the following rule, signed by the Circuit judge, was entered, viz.: "This case is certified to the Supreme Court on the question whether the rule to show cause be made absolute or discharged."

It thus appears that this court is called upon to settle, in the first instance, the facts which are in dispute in this course of litigation. The testimony is in conflict with respect to the central fact, whether, when the defendant made his settlement with the plaintiff, he was aware of the equitable rights of the assignee. He has denied under oath that he had such knowledge.

The function we are now asked to perform cannot, we think, be exercised by us. The statute authorizing the Circuit Court to call for an advisory opinion does not give this court the capacity to decide questions of fact. It requires the Circuit judge to make and state the case. This has not been done, and proceedings, therefore, must be dismissed.