ASBURY FOUNTAIN ET AL. v. THE CITY OF PERTH AMBOY.

1. Under a grant of lands and water privileges, the easement being of so much water as will operate a mill which is upon the lands conveyed, the grantee is entitled to the use of the water for any purpose he sees fit, provided the quantity used is not increased and the change in the use does not prejudice the rights of others.

2. Where a conveyance of a "mill-seat" contains a grant of a right to flow other lands of the grantor for the purposes of a mill-pond, such grant carries with it, as an incident, the right to enter and cleanse the pond.

---

Case certified from the Middlesex Pleas under the act of May 16th, 1894. *Gen. Stat.*, *p.* 1030, § 66.

Argued at February Term, 1897, before MAGIE, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and GUMMERE.

For the plaintiffs, *Willard P. Voorhees.*

For the defendant, *John W. Beekman.*

The opinion of the court was delivered by

GUMMERE, J.   This is an action for trespass brought by the plaintiffs against the city of Perth Amboy for wrongfully entering upon the plaintiffs' lands and subverting and carrying away the soil thereof.

The plaintiffs and defendant are owners of adjoining tracts of land, each of which, in the year 1850, belonged to one Clarkson Brown.   In the year mentioned Brown sold the tract now owned by the defendant to one Hensel, through whom the defendant claims.   The deed to Hensel conveyed "all that certain mill-seat and farm situate," &c., "and also all the milling privileges belonging to said property and the right to attach a dam to the lands on the south side of Tennant creek [being the lands now owned by the plaintiffs], and also the right and title to flow all the lands heretofore flowed by the party of the first part, with the further privilege to flow so much of the land of the party of the first part as the party of the second part, his heirs and assigns, may hereafter require for milling purposes, and also the right of the party of the second part, his heirs and assigns, to use all the earth that may be required for constructing and repairing the dam from the south side of Tennant creek."

The tract now owned by the plaintiffs came to them by descent from Clarkson Brown, and is that portion of his lands which is referred to in the Hensel deed as "the lands on the south side of Tennant creek."

The defendant acquired its title to the Hensel tract, with its appurtenances, in 1891.   At the time of its purchase, however, the mill had fallen into disuse, the dam had broken out and the water of the mill-pond had run off.   The defendant, a short time after taking possession of its property, proceeded to clean out the mill-pond and to restore the dam with the earth which was taken from the bottom of that part of the pond which was on the south side of Tennant creek, and consequently on the lands of the plaintiffs.   This it did, not with the intention of putting its property again in use as a mill-seat, but for the purpose of utilizing the mill-pond as

 a reservoir from which to supply the inhabitants of Perth Amboy with water.

These acts of the defendant constitute certain of the trespasses laid in the plaintiffs' declaration, and the advisory opinion of this court is asked on the question whether, under the grant by Clarkson Brown to Hensel (to all the rights and privileges contained in which the defendant has succeeded), the defendant had a legal right to clean out that portion of the mill-pond which is upon the lands of the plaintiffs and use the soil taken therefrom for the purpose of restoring the dam, notwithstanding the fact that it proposes to use its property, including the mill-pond and dam, exclusively for other than milling purposes.

We think that this question must be answered in the affirmative.

The deed conveys a " mill-seat," and authorizes the maintenance of a mill-dam partly upon other lands of the grantor (now of the plaintiffs), and also the flowing of a portion of said lands for the purposes of a mill-pond. Such a grant carries with it, as an incident, the right to enter and cleanse the pond. *Ang. Waterc.*, § 158 ; *Frailey* v. *Walters*, 7 *Barr* 221.

So far as the right to use the soil taken from the plaintiffs' lands for the repair of the dam is concerned, it is given by the very words of the grant.

It is manifest, therefore, that the acts of the defendant which are complained of do not constitute a trespass unless its right to maintain the dam and cleanse the mill-pond has ceased by reason of its abandonment of the use of the property for milling purposes.

But no such result flows from that action of the defendant. By the conveyance to Hensel he and his assigns acquired not only the mill-seat but also the right to so much water as was at that time used to operate the mill, and it has been considered as settled law, ever since the decision of *Luttrell's Case, Coke, vol. 2, pt. 4. p. \*86 a* (where the question first came up for solution), that when the easement is of a certain quantity

of water the grantee is not restricted to use it in a particular manner, though the purpose for which it is used be specified in the grant. He may use the water in a different manner or at a different place if he sees fit, provided the quantity used is not increased and the change does not prejudice the rights of others. *Carlisle* v. *Cooper*, 6 *C. E. Gr.* 576, 595 ; *Johnston* v. *Hyde*, 6 *Stew. Eq.* 632.

In our opinion the facts contained in the question certified to us do not, under the circumstances mentioned therein, constitute a trespass and afford the plaintiffs no ground of action, and the Court of Common Pleas should be so advised.

We have not considered the other questions sent up for the reason that, in each of them, disputed questions of fact are involved which we have no power to settle. All such questions must be settled by the trial court before it certifies the case to this court for its advisory opinion. *Destefano* v. *Calandriello*, 28 *Vroom* 483.