182    587
  21 SC ¹615

182    587
f39SC¹237

# P. E. Hannum, Hannah W. Eavenson, Benjamin Eavenson and Morris L. Eavenson *v.* J. C. D. Pownall, Appellant.

*Husband and wife—Sheriff's interpleader—Evidence—Burden of proof.*

In a sheriff's interpleader where the wife of the defendant in the execution claims the goods which are in the apparent possession of the husband, and alleges the husband's possession to have been that of her agent or employee, the law will not presume the existence of her separate estate, but she must prove her title by evidence which does not admit of a reasonable doubt.

*Husband and wife—Evidence—Growing crops—Title to farm.*

On a sheriff's interpleader to determine the ownership of growing crops claimed by the wife of the defendant in the execution, and levied upon while in the apparent possession of the husband, the mere production of a deed to the wife for the farm upon which the crops were growing does not establish conclusively her title to the crops, so as to prevent the creditor from inquiring of her whether she had a separate estate, and had herself furnished the purchase money of the farm.

Argued May 17, 1897.    Appeal, No. 435, Jan. T., 1896, by defendant, from judgment of C. P. Lancaster Co., Jan. T., 1896, No. 97, on verdict for plaintiffs.    Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and FELL, JJ.    Reversed.

Sheriff's interpleader to determine the ownership of growing crops levied upon in the apparent possession of Reese Eavenson, some of which was claimed by his wife, Hannah W. Eavenson, and other portions by the other plaintiffs, but all the assignments of error relate to the crops claimed by the wife.    Before LIVINGSTON, P. J.

At the trial Mrs. Eavenson, to sustain her claim, produced in evidence a deed to herself of the farm upon which the crops were growing.

The defendant made the following offer:

Mrs. Hannah W. Eavenson, plaintiff, having testified that the corn on the ear, hay, straw, corn fodder, wheat in the ground, oats and potatoes were raised on her farm on which she lives, it is proposed to ask her whether as a matter of fact the farm is hers.    Where did she obtain the money to pay for it?    And

how much money did she obtain from any other person than her husband, with which to pay for the farm? And when did she obtain the money? This for the purpose of showing that the witness on the stand, one of the plaintiffs, is not the owner of the corn on the ear, hay, straw, corn fodder, wheat in the ground, oats and potatoes, but that it is the property of her husband, Reese Eavenson, and liable to execution for the payment of judgment against him.

Objected to by plaintiffs. Disallowed. Defendant excepts and bill sealed. [1]

Verdict and judgment for plaintiffs. Defendant appealed.

*Error assigned* among others was (1) rulings on evidence, quoting the bill of exceptions.

*T. B. Holahan,* of *Martin, Holahan & Alexander,* and *J. W. Johnson,* for appellant.—Where property is claimed by a married woman she must show by evidence which does not admit of a reasonable doubt, either that she owned it at the time of her marriage, or else acquired it afterwards by gift, bequest or purchase. In the .case of a purchase after marriage the burden is upon her to prove distinctly that she paid for it with funds which were not furnished by the husband. Unless rigid proof of her title is always required no one can calculate the amount of injustice which the act of 1848 will produce: Gamber v. Gamber, 18 Pa. 363; Winter & Hartman v. Walter, 37 Pa. 155; Rhoads v. Gordon, 38 Pa. 277; Flick v. Devries, 50 Pa. 266; Curry v. Bott, 53 Pa. 400; Bower's App., 68 Pa. 126; Lochman v. Brobst, 102 Pa. 481; Leinbach v. Templin, 105 Pa. 522; Blum v. Ross, 116 Pa. 163: Adams v. Bleakley, 117 Pa. 283; Steckman v. Schell, 130 Pa. 1.

*W. U. Hensel,* with him *J. Hay Brown* and *Edwin M. Gilbert,* for appellees.—The case that conclusively rules the present contention is Phillips v. Hall, 160 Pa. 60.

The fact that a husband lives and is maintained on his wife's property does not give him a title to the products merely by the labor which he voluntarily bestows upon it, and of course his creditors cannot seize and sell them: Phillips v. Hall, 160 Pa. 60; Rush v. Vought, 55 Pa. 437; Wieman v. Anderson, 42 Pa. 311; Sixbee v. Bowen, 91 Pa. 149; Schuster v. Kaiser, 111 Pa. 215.

OPINION BY MR. JUSTICE WILLIAMS, Oct. 11, 1897:

This case was so well tried in the court below that but a single complaint is made against the rulings made by the learned judge at the trial. The action was in form an issue framed under the sheriff's interpleader act. The property seized by the sheriff consisted of farm crops grown upon a farm in the possession of the defendant in the execution. Hannah W. Eavenson was his wife and claimed the crops as her own. She rested her claim of title to the crops upon the fact that the title to the farm on which they were grown was in her. The defendant alleged that her husband was the real owner of the farm, and in support of his position sought to inquire of the plaintiff whose the farm was, and whether she had a separate estate and had herself furnished the purchase-money. The learned judge excluded this evidence, holding that the production of her deed for the farm established conclusively her title to the crops grown upon it. The correctness of this ruling is the only question presented by this appeal. Had the question been raised between Mrs. Eavenson and strangers the rule adopted by the learned judge would have been applicable.

It was raised by an execution creditor of her husband; her husband was in the apparent possession of the goods; they were seized while so apparently in his possession. She set up an adverse ownership and alleged the possession of her husband to be that of her agent or employee. Under such circumstances it is incumbent upon the wife " to prove her title by evidence which does not admit of a reasonable doubt: " Gamber v. Gamber, 18 Pa. 363. Proof of her exclusive possession is not insisted upon as strongly as it once was, but proof of a separate estate and a valid purchase by her are insisted on in all the cases: Rhoads v. Gordon, 38 Pa. 277; Lochman v. Brobst, 102 Pa. 481; Adams v. Bleakley, 117 Pa. 283; Steckman v. Schell et al., 130 Pa. 1. If she has a separate estate and has made a bona fide purchase, the fact that her husband assented, and contributed part of the purchase-money, he being out of debt and free from any fraudulent purpose, will not defeat her title, nor justify the seizure of the crops by his creditors: Shuster v. Kaiser and wife, 111 Pa. 215; Phillips v. Hall et al., 160 Pa. 60. The latter of these cases is much relied on as justifying the ruling of the court below, but the title of the wife was shown

in that case. The existence of the separate estate appeared, the purchase by the married woman, and the management of the business carried on upon it by her. It appeared upon the trial that $650 of the money paid for the property was money earned by her in her business as a boarding house keeper, and the creditors sought to treat this money as belonging to the husband, and its use in the payment of the purchase-money as sufficient to defeat her title to the land. We declined to sustain their contention, and held further that " when a husband in the enjoyment of the marital relation is permitted to live and be maintained on the property of the wife, managed by her for her own use and benefit, he does not acquire a title to the products by the labor he voluntarily bestows upon it." But it must be clear that the real estate is that of the wife, and that she is not simply a holder of the title for his benefit. If this is not made to appear the legal presumption is that the money was furnished by the husband. The law does not presume the existence of a separate estate. The onus of establishing it is on the wife when the contest is between herself and her husband's creditors, and he is in the apparent possession of the property. We think the learned judge placed the burden of proof on the wrong shoulders. It was part of her case to show her separate estate, and its investment in the farm to which she held title, otherwise the presumption that the money was furnished by her husband ought to prevail. They lived upon it, he worked it, he was apparently in possession of it, and when the wife set up an exclusive title to it and all its products, she started with the presumption against her, and with the duty of overcoming it by clear proof of two things: first, the existence of an estate of her own not derived from her husband; second, a bona fide purchase by herself of the farm with, or upon the credit of, such separate estate. She was relieved by the learned judge from making any showing whatever, and the possession of a deed for the land was held to be conclusive proof that the title was actually and in good faith vested in her. In this particular we think the learned judge erred.

The judgment is therefore reversed and a venire facias de novo awarded.