SHEPARD & MORSE LUMBER COMPANY v. HORACE F.
BURROUGHS ET AL.

Argued June 9, 1898.—Decided November 7, 1898.

1. In cases certified by Circuit Courts for advice, the Supreme Court deals with questions of law only.

2. The right of stoppage *in transitu* may be exercised at any time before the goods sold have reached the place for delivery to the consignee.

3. The plaintiff sold lumber to T. and T. sold it to the defendant, whereupon the plaintiff shipped it, in Ottawa, to the defendant, in New York, on bills of lading naming the defendant as consignee, and sent the bills to T.   *Held,* that T. received the bills for the defendant, and no further transfer of the bills was necessary to enable the defendant, as purchaser, to defeat the plaintiff's right of stoppage *in transitu* for the insolvency of T.

4. The plaintiff sold lumber to T. and T. sold it to the defendant for a price which the defendant credited on a pre-existing debt due to him from T.   *Held,* that the defendant was a purchaser for value so far as was necessary to entitle him to defeat the plaintiff's right to stop the lumber *in transitu* for the insolvency of T.

5. The plaintiff sold lumber to T. on credit and T. sold it to the defendant. *Held,* that mere knowledge on the part of the defendant that T. had not paid for the lumber was not sufficient to defeat the defendant's claim as a *bona fide* purchaser against the plaintiff's right of stoppage *in transitu* for T.'s insolvency.

On case certified from the Hudson Circuit.

Before Justices DIXON and LUDLOW.

For the plaintiff, *Charles L. Corbin.*

For the defendant Borroughs, *Flavel McGee.*

The opinion of the court was delivered by

DIXON, J.   The plaintiff having sold twenty-seven carloads of lumber to Samuel B. Towner, shipped it between March 3d and March 8th, 1890, at Ottawa, by the Canada Atlantic Railroad Company, to H. F. Burroughs, 21 Beaver street, New York, to whom Towner had sold it.   On its arrival at

Weehawken, via the West Shore railroad, seven carloads were delivered on board of lighters to Burroughs, but the other twenty cars were detained by a block on the railroad more than a mile from the place of transhipment. While so detained on March 29th, 1890, the plaintiff seized these twenty carloads by a writ of replevin issued out of the Hudson Circuit, on the ground that Towner had become insolvent and the lumber was still in transit. Burroughs having been admitted to defend this action, the cause was referred to W. B. Williams, Esq., who reported in favor of the plaintiff. A motion to set aside this report has been certified by the Circuit to this court for its advisory opinion.

In such cases the Supreme Court deals only with questions of law. *Destefano* v. *Calandriello*, 28 *Vroom* 483 ; *Murray* v. *Paterson Railway Co.*, 32 *Vroom* 301.

Several questions of law are presented :

*First.* The defendants urge that the transit was ended. On this point we think the proofs fully sustain the referee. The railroad company had certainly not completed its duty as a carrier while it remained unable to get the cars to the place where the lumber should be delivered to the consignee.

*Second.* It is insisted that the lumber was in the custody of the United States under bond for export, and therefore was not subject to seizure under process from a state court. No representative of the United States appears in the cause, and no issue of this character was raised by the pleadings. For this reason we think this claim was rightly discarded by the referee.

Next, it was claimed by Burroughs that he had purchased the lumber from Towner *bona fide* and for value, and hence the plaintiff's right of stoppage *in transitu*, for Towner's insolvency, had expired.

The referee reported that he rejected this claim on two grounds, viz., because the bills of lading, which the plaintiff had sent to Towner, had not been by him turned over to Burroughs, and because Burroughs, when he purchased, knew that Towner had not been paid and merely gave Towner credit for the price on a pre-existing debt.

With regard to the bills of lading, the general rule is thus stated in 2 *Benj. Sales*, § 1285: "The vendor's right of stoppage *in transitu* is defeasible in one way only, and this is when the goods are represented by a bill of lading, and when the vendee, being in possession of such document of title with the vendor's assent, transfers it to a third person, who *bona fide* gives value for it."

But in the present case the plaintiff had shipped the lumber directly to Burroughs on bills of lading, naming him as consignee, and had parted with the bills by sending them to Towner. As Towner was not named in the bills, he had no legal interest in them, and as he had sold the goods to Burroughs, it should be held that when he received the bills from the plaintiff he received them for Burroughs, who, after the plaintiff had delivered them, was the only person having a legal interest in them. As consignee, Burroughs could make legal claim to the delivery of the lumber from the carrier, without producing an endorsement of the bills from Towner. As the plaintiff's vendee had no interest in the bills and his formal transfer of them to Burroughs would not change their legal effect as evidence of title in Burroughs, we think such transfer was not essential to Burroughs' position as a *bona fide* purchaser for value.

Concerning the other objection to Burroughs' position, viz., that when he bought of Towner he knew Towner had not paid for the lumber, and merely gave Towner credit for the price on a pre-existing debt, it seems that these facts are not sufficient to defeat him. In *Cuming* v. *Brown, 9 East* 506, Lord Ellenborough said that the words "*bona fide*" in this connection do not mean "without notice that the goods had not been paid for," but "without notice of such circumstances as rendered the bill of lading not fairly and honestly assignable." Such is the proper meaning of the expression. Something more than knowledge that the original vendor sold the goods on credit, *e. g.*, knowledge that the vendee is insolvent or does not intend to pay, is necessary to convict the second purchaser of *mala fides*. In *Leask* v. *Scott, 2 Q. B. Div.* 376,

the Court of Appeal held that a past consideration was suffi-
cient to enable a *bona fide* purchaser to defeat the right of
stoppage *in transitu.* It is difficult to see how it can be said
that, when Burroughs extinguished his pre-existing claim
against Towner and accepted the transfer of the lumber in
lieu thereof, he did not give present value for the lumber.
He gave his right of action for the pre-existing debt.

We are, therefore, of opinion that the referee has not re-
ported or found the facts necessary to support his conclusion
in favor of the plaintiff.

When we look into the testimony, which has also been sent
up to this court, we find in it evidence tending to prove that
Burroughs, when he purchased, knew of Towner's insolvency ;
but this evidence is not of such a character as to strip the
matter of doubt. We therefore cannot decide it, and must
remit the cause to the Circuit, with the advice that if, beside
the facts already found, it be determined that Burroughs,
when he bought from Towner, believed the latter to be insol-
vent or for other reasons acted *mala fide,* then the plaintiff
should have judgment; otherwise the report should be set
aside.