———o———

No. 3660.

(Court of Appeal, Parish of Orleans.)

ARON NETTER vs. HENRY REGGIO, Defendant, AND MISS BEULAH ALLEN CLARK, Intervenor.

Appeal from Civil District Court, Division "D."

Arthur B. Leopold, for Plaintiff and Appellee.

Frank McGloin and Frank N. Butler, for Defendant and Appellant.

On Motion to Dismiss Appeal.

1. Appellants, though their interests may conflict, have a right to join

in one motion and in one bond when the judgment in favor of plaintiff is adverse to both.

2. Even though the interests of defendant and intervenor conflict with each other, the fact that they both bind themselves in favor of plaintiff precludes any complaint on the part of the latter, his costs being insured.

3. Where the amount of the bond is fixed in the order granting the appeal, the same will be maintained as devolutive.

ESTOPINAL, J.   In a suit by plaintiff against the defendant for the specific performance of a contract of sale praying that defendant be compelled to accept title offered, an intervention was filed by Mrs. Beulah Allen Clark, widow of T. L. Lyons, asking to be decreed the owner of the property in controversy and for judgment against both plaintiff and defendant, at whose request, under order of Court, she was unpleaded in this case.

From a judgment below in favor of plaintiff and against defendant, compelling him to accept title, and a judgment in favor of plaintiff and defendant, and against the intervenor, both the defendant and the intervenor filed a motion for an appeal and joined in and gave one bond in the sum of $100.00.

The plaintiff asks that the appeal be dismissed.

1st.   Because the defendant and the intervenor joined in one motion and gave but one bond for an appeal.

2nd.   That there is no identity of interest or privity between the defendant and the intervenor.

3rd.   That the amount fixed by the lower court is not sufficient to meet the requirements of Article 575 of the Code of Practice, in that it does not exceed by one-half, the judgment rendered in the case.

We are of opinion that the first objection urged by plaintiff is disposed of by the case of Schleider vs. Martinez, 38 A. 847, wherein the same objection urged in the case at bar was dismissed by the Court, with these remarks: "There is no provision of law

or rule of practice which requires that each party dissatisfied with the judgment rendered should separately appeal and give a distinct and separate bond. They can all join in the same motion and furnish one bond, in the case in which the judgment appealed from was rendered. The same doctrine was announced in Palsey vs. McConnel, et al., 38 A. 470. Plaintiff urges that the cases cited above are without application here for the reason that appellants in those cases were shown to have the same or kindred interests, but we are referred to no authority or rule of law which precludes parties appellants from joining in an appeal bond, because of conflict in their interests.

In 38 A. 470, the Court said: The law does not provide that this shall not be done, and the Court is important to establish prohibitions where none have been imposed.

The bond was fixed by the Judge a qua, and this suffices to maintain the appeal as devolutive, making it necessary to discuss here the subject of Suspensive Appeals and the requisite bonds. 51 A. 1547.

Granting that the interests of defendant and intervenor, both appellants, conflicting with each other, it is clear that they both bind themselves in favor of the plaintiff whose interests is adverse to both, and who, therefore, can have no cause of complaint if said bond in amount insures him protection for his costs.

The objection that the amount fixed by the lower Court, $100.-00, is not sufficient, must, on the showing made, be dismissed. Plaintiff's computation of probable costs is somewhat too general to be considered here, and we believe that the judge a qua exercised his legal discretion reasonably. The cases cited by plaintiff bearing on the question of the insufficiency of bonds are not in point, the appeal bond in those cases being conditioned" for the payment of costs of appeal alone, the Court holding that they should be conditioned to cover costs in both Courts.

The bond in the case at bar is in proper form.

The motion to dismiss is denied, and the appeal is maintained as devolutive.

March 20th, 1905.

Motion to discontinue suit April 6, 1905.