# Jenkins, Appellant, v. Courtright.

*Husband and wife—Judgment—Confession of judgment—Fraud—
Amount justly due wife.*

1. If a husband fraudulently confesses a judgment to his wife for more
than is justly due her, but she honestly supposes he owes her the amount
of the judgment, she may collect the amount justly due her on the
judgment.

2. On an interpleader between a wife and an execution creditor of
the defendant in the execution, the law will not presume the existence
of a separate estate in the wife, but she must prove her title by evidence
which does not admit of a reasonable doubt.

Argued March 3, 1909. Appeal, No. 20, March T., 1909, by
plaintiff, from judgment of C. P. Lackawanna Co., May T.,
1907, No. 230, on verdict for defendant in case of Elma Jenkins
v. A. O. Courtright. Before RICE, P. J., PORTER, HENDERSON,
MORRISON, HEAD and BEAVER, JJ. Reversed.

Interpleader to determine the ownership of a horse. Before
CARPENTER, J.

The opinion of the Superior Court states the facts.

The court charged, inter alia, as follows:

[Now, as I have said before, if he (meaning the husband) owed
her $500 he had a right to do this, notwithstanding he may have
owed some one else at the time; but if, on the other hand, he
did not owe her the $150 which she mentioned, and if that was
loaned to him about the holidays of 1906, some five or six
months after this judgment was confessed, then the indebted-
ness at that time was only about $350 and he would have no
right to give her a judgment of $500, and the judgment for that
reason, if you find that that is the case, would be fraudulent;
and they would have no right to proceed upon it and sell this
property, and the plaintiff therefore would have no right to
recover.] [1]

[The burden is upon her to show by clear and satisfactory
evidence that such was the case; that she earned this money

either by sewing or by taking in boarders, or both, and that she loaned it to her husband as she testifies, and if she did, as I have said, she would be entitled to a judgment against him; but, as I stated before, if it was for a larger amount than he owed her, that is, for $150 more, then she would have no right to recover.] [2]

Defendant presented this point:

It will be presumed the wife purchased the horses with money belonging to her husband, unless she proves it was with funds belonging entirely and separately to her, and this proof must be very clear and satisfactory, sufficient to expel all adverse presumptions and must expel all reasonable suspicion and be almost beyond a reasonable doubt, and unless she has so proved her title to the satisfaction of the jury, the verdict should be for the defendant. *Answer:* I will affirm that, with the suggestion that it might be a little overdrawn when it states that it should "expel all reasonable suspicion." The burden is upon the plaintiff to show her title by clear and satisfactory evidence, but I should not quite like to say that it must be "beyond all suspicion." [3]

Verdict and judgment for defendant for $160. Plaintiff appealed.

*Errors assigned* were (1–3) above instructions, quoting them.

*A. A. Vosburg,* with him *C. W. Dawson* and *John J. Owens, Jr.,* for appellant.—It is a well-settled principle of law in this commonwealth that a judgment confessed by a husband for his wife for a sum greater than was due does not of itself vitiate or nullify the judgment as to creditors of the husband: Meckley's App., 102 Pa. 536; Hawley v. Griffith, 187 Pa. 306; Page v. Suspender Co., 191 Pa. 511; Howard Watch Co. v. Bedillion, 131 Pa. 385; Hauer's App., 5 W. & S. 473.

Creditors can attack a judgment collaterally for collusion only: Lewis v. Rogers, 16 Pa. 18; Clark v. Douglass, 62 Pa. 408.

In order that a married woman may acquire and hold property against the creditors of her husband, she must make it clearly appear that the means of acquisition were her own, in-

dependently of her husband: Auble's Adm. v. Mason, 35 Pa. 261; Duncan v. Sherman, 121 Pa. 520; Smith v. Axe, 14 Pa. C. C. Rep. 532; Tripner v. Abrahams, 47 Pa. 220; Hoar v. Axe, 22 Pa. 381; Sutton v. Guthrie, Mitchell's App., 188 Pa. 359; Taylor v. Paul, 6 Pa. Superior Ct. 496.

*George Morrow*, with him *W. N. Leach*, for appellee.—The wife claimed the personal property as against her husband's creditors, although his creditors levied upon the horse while in the husband's possession or at least in the joint possession of the husband and wife, and in this case the property is presumed to belong to the husband and she must overcome this legal presumption by positive proof: Wilson v. Silkman, 97 Pa. 509; Pier v. Siegel, 107 Pa. 502; Duncan v. Sherman, 121 Pa. 520; Kingsbury v. Davidson, 112 Pa. 380; Taylor v. Paul, 6 Pa. Superior Ct. 496.

A judgment confessed voluntarily by an insolvent or indebted man for more than is due is prima facie fraudulent: Clark v. Douglass, 62 Pa. 408; Meckley's App., 102 Pa. 536; Page v. Suspender Co., 191 Pa. 511; Wilson v. Silkman, 97 Pa. 509.

And if the judgment was fraudulent in part it was void in the whole: Gates v. Johnston, 3 Pa. 52.

We think the following cases maintain the quantity of proof embodied in the point submitted: Pier v. Siegel, 107 Pa. 502; Taylor v. Paul, 6 Pa. Superior Ct. 496; Billington v. Sweeting, 172 Pa. 161; Tripner v. Abrahams, 47 Pa. 220.

Almost beyond a reasonable doubt: Eavenson v. Pownall, 182 Pa. 587; Gamber v. Gamber, 18 Pa. 363; Keeney v. Good, 21 Pa. 349; Guernsey v. Froude, 13 Pa. Superior Ct. 405; Earl v. Champion, 65 Pa. 191; Hoar v. Axe, 22 Pa. 381.

OPINION BY MORRISON, J., April 12, 1909:

This is an action under the sheriff's interpleader act between the plaintiff and the defendant, to determine the ownership of property levied upon by the sheriff on an execution in favor of the defendant, issued on a judgment against A. M. Jenkins, husband of Elma Jenkins, plaintiff.  Upon said execution the

sheriff levied upon a bay mare as the property of A. M. Jenkins. The plaintiff notified the sheriff that the mare was her property and thereupon an issue was directed to try the question of whether or not the plaintiff owned the mare. It was conceded that at one time the mare belonged to A. M. Jenkins, but the plaintiff claimed title under a sale on an execution issued on a judgment which she held against her husband, A. M. Jenkins. The sale to her of the mare in question took place long before the defendant, Courtright, obtained his judgment against A. M. Jenkins.

The learned court below charged the jury that if the plaintiff's judgment against her husband was for more than was due from the husband to the wife, then the sale was void, without regard to the question of fraudulent intent. The verdict was in favor of the defendant, Courtright, and judgment being entered thereon, the plaintiff appealed.

The learned court flatly charged the jury that if the $500 judgment which the plaintiff obtained against her husband was for $150 more than the husband owed her, at the time the judgment was obtained, then the judgment would be fraudulent and she would have no right to proceed upon it and sell the mare in question, and the plaintiff, therefore, would have no right to recover in this suit. This question is raised by the first and third assignments of error. These assignments must be sustained, as the adjudicated cases are very plain to the effect that a wife having a judgment against her husband for more than he actually owed her may collect so much of it as is honestly due, provided, it was not given for more than was due by agreement or understanding between the husband and wife to defraud the creditors of the husband. The decisions are to the effect that if the husband fraudulently confess a judgment to his wife for more than is justly due her, but she honestly supposes he owes her the amount of the judgment, she may collect the amount justly due her on the judgment. This has been many times decided.

In Howard Watch Co. v. Bedillion et al., 131 Pa. 385, the Supreme Court, by Mr. Justice GREEN, approved the following instruction to the jury by the learned court below: "I have said

that even if he gave the notes for more than was actually due to his wife, and even if he contemplated a fraud at the time, yet, if his wife took those notes in good faith, honestly believing that these sums were due from her husband to her, she would not be visited by the fraud of her husband; and that really, gentlemen, is the main point in this case: Was his wife acting in good faith when she took these various judgment notes? Did she take them honestly believing that her husband owed her these sums?"

The court below then further charged that she may become a party to a fraud by her carelessness; "that if the judgment notes were in excess of the amount actually due, and she ought to have known it, or there was reasonable ground for her knowing it, she would be visited with the fraud of her husband." For the latter instruction, the Supreme Court reversed the court below, saying: "We think the jury should have been instructed that if they believed there was full consideration for the $20,000 note, or that there was a mere honest mistake in fixing the amount, the judgment would not be avoided."

In Moore v. Dunn & Fell, 147 Pa. 359, ARNOLD, J., who was affirmed by the Supreme Court, said: "An exception, as to partly good and partly bad judgments, must be noticed in cases of judgments, held by married women against their husbands, in which the excessive part will not be attributed to bad faith, but will be presumed to be a mistake, or included in good faith, as was done in Gicker's Admin'rs v. Martin, 50 Pa. 138; Meckley's Appeal, 102 Pa. 536; Howard Watch Co. v. Bedillion, 131 Pa. 385." "There must be fraud, and the creditor must be party to it, to avoid the judgment at the suit of other creditors:" Page v. Suspender Co., 191 Pa. 511. We might add many other citations from the Supreme Court as well as our own court, but it is unnecessary.

In the present case the wife testified positively to the items which she alleged made up the $500 for which the husband confessed the judgment to her. It appears that she first fixed the date of the loan of $150, after the confession of the judgment, but she subsequently went on the stand and corrected this, stating, in substance, that she made a mistake, that in fact the

$150 was loaned to the husband before the judgment was confessed. The learned court in his charge failed to call the attention of the jury to this correction and he entirely failed to instruct the jury that if the wife acted honestly and the husband owed her only $350 of the judgment, she would be entitled to recover, and of course if he actually owed her the $500, she was entitled to recover.

The remaining question in the case is raised by the second assignment of error which goes to the quantum of proof required to establish bona fides of the transaction between the husband and the wife. The learned court was asked to instruct the jury that the wife's proof that she loaned her own money to her husband "must be very clear and satisfactory, sufficient to expel all adverse presumptions, and must expel all reasonable suspicion, and be almost beyond a reasonable doubt, and unless she has so proved her title to the satisfaction of the jury, the verdict should be for the defendant." Answer: "I will affirm that, with the suggestion that it might be a little overdrawn when it states that it should 'expel all reasonable suspicion.' The burden is upon the plaintiff to show her title by clear and satisfactory evidence, but I should not quite like to say it must be beyond all suspicion." We think there is no error in the answer to said point. In Eavenson v. Pownall, 182 Pa. 587, it was held that in such a case the law will not presume the existence of her separate estate, but she must prove her title by evidence which does not admit of a reasonable doubt. See Taylor v. Paul, 6 Pa. Superior Ct. 496; Earl et al. v. Champion, 65 Pa. 191.

What we have said sustains the first and third assignments, and the judgment is therefore reversed with a new venire.