•His Honor, CHARLES F. CLAIBORNE,
rendered the opinion and decree of the Court, as follows:
This is a proceeding to cancel certain inscriptions from the mortgage office.
Relator avers that he is owner of a promissory note secured by mortgage on eight lots of ground on Audubon Boulevard, designated by the Nos. 66, 68, 70, 72, 74, 76, 78 “and 80; that the following named three defendants claim a privilege on said lots, viz:
1. Edward W. Putfork, for $118.25.
2. Alexander Baradat for $278.00
3. Keenan & Weis for $582.42.
That all of said privileges date back more than three years from the time of their respective inscription, and *294 that the claims which are the foundation, of said privileges are extinguished by the prescription of one and three years, and it is the duty of the Recorder of Mortgages to cancel said inscriptions which he refuses to do, and relator therefore prays for a mandamus commanding him so to do.
There was judgment for relator, and defendants obtained an order for a suspensive and devolutive appeal on a bond for fifty dollars, and they furnished only one bond.
Relator moved to dismiss the appeal on two grounds:
1st.- That the appeal was taken and perfected by the defendants collectively and not individually as each defendant should have done, and that they furnished only one bond.
And, 2nd., that the bond is not sufficient for a suspensive appeal as the costs exceed the amount of the bond.
The first point is not well taken. The decisions are:
Where severel parties by third opposition claim to be paid out of a fund in the hands of the sheriff and judgment rejects their demand, they may join in the same motion for an appeal and furnish one bond.
39 A., 1041; 38 A., 847; 30 A., 801.
Several defendants may join in one motion of appeal and furnish one bond. 38 A., 470; 31 A., 500.
The second ground is without merit. The bond is for the amount fixed by the Court and protects the appeal. If it was insufficient appellee’s remedy w,as to petition the lower Court to increase it.
Church vs. Riedy, 104 La., 314 (318).
*295 The first defense of respondent is that mandamus is not the proper remedy. It has been decided that it is, in cases like the one before the ’Court.
15 A., 334; 25 A., 61; 36 A., 975; 41 A., 695.
The second defense is that relator by notarial act dated September 10th, 1915, released his mortgage upon lots 66, 68, 70 72 and 74 and that therefore he has no interest in contesting the right of defendants to a privilege on said lots.
Alexander Baradat claims a privilege only on lots 66, 68, 70 and 72. He has a privilege as a “cartman” for hauling materials to the buildings. 113 La., 419. He has recorded his privileges against said lots alone. They are included in the release above mentioned.
The relator neither .alleges nor proves that the inscriptions in favor of said defendant are an injury to him. He is neither owner of said lots, nor a mortgage, privilege, or ordinary creditor of the owner, so we cannot see how he can be injured. Therefore he has no interest in asking for the cancellation of the inscriptions on said lots. C. P., 15. “An action can only be brought by one having a real and actual interest which he pursues, etc. ’ ’
But Putfork and Keenan & Weis claim a privilege on -all the lots from 66 to 80, have recorded their claim ■against them, and do not disclaim it in their answers to the petition. As to them, therefore, the question is, is 'their claim prescribed by the prescription of one or three ■years.
The origin of the claim of Putfork is as follows: Winston had ’a contract with McGuirk, the owner of the lots, upon which certaih buildings were erected, to perform all the work for the plastering of the building for $1,980. Winston sub-contracted with Putfork for the latching for $168.00.
*296 Article 3534 (3499) Civil Code provides that “the following actions are prescribed by one year; (5) that of workmen, laborers, and servants, for the payment of their wages.”
In interpreting this article our Supreme Court has said that it did not apply to contractors or undertakers who worked by contract or on a quantum meruit. 6 La., 393, 591; 10 La., 229, 231; 19 La., 413; 1 R., 433; 3 R., 336; 5 A., 671; 12 A., 19, 842; and in Brown vs. Staples, 70 So. Rep., 529 (530, 531) the Supreme Court said:
“The debt for materials sold to the contractor on open accounts were subject to the prescription of three years, but the plea cannot prevail against the demand of the National Surety 'Company. The claim to which the latter asserts subrogation is the balance due to the contractor under his contract, to which the prescription of ten years applies.”
A workman doing work under a contract ceases to be a workman for the purpose of prescription and becomes a contractor or undertaker.
C. C., 2756 (2727):
“To build by a plot, or to work by the job, is to undertake a building or a work for a certain stipulated price. ’ ’
C. C., 2771 (2742):
“Masons, carpenters, blacksmiths, and all other artificers, who undertake work by the job are bound by the provisions contained in the present section, 'for they may be considered as undertakers each in his particular line of business.”
The case of Foley vs. Bourg, 10 A., 129 (1855) quoted by plaintiff decides that the claims of furnishers of ma- *297 terials are in the same category, as regards prescription, as architects, undertakers, laborers, and others, mentioned in the second paragraph of Article C. C., 3249. It does not specify what prescription. If it means the prescription of one year, it is in glaring violation of Article C. C., 3538 (3503) — Act 1850, p. 90 — which fixes the prescription of three years to accounts of merchants, ancl in conflict with 5 A., 671, and others- quoted above which prescribe the action of undertakers by ten years only. But in any event it is overruled impliedly by Brown vs. Staples, 70 Sa Rep., 529, so that we cannot follow it.
Article C. C., 3734 is derived from Code Napoleon, 2271:
“L’action des ouvriers et gens de travail pour le paiment de leurs journees,' furnitures, et salaireres se prescrivent par six mois.”
The French Courts have decided, like our Courts, that this article applies exclusively to laborers working for wages and not to contractors.
J. P., 1.887,1,; 639; J. P. 1889, 1,1033; J. P., 188)5, 1, 1047; J. P., 1851, Vol. 2, p. 337; J. P., 1888, 1, 709, Id., p. 1098; J. P., 1886, 1, 1253; J. P., 1.853, Vol. 2, p. 526; J. P., 1883,1, 372.
There is no section under ’C. C., 3538, upon which plaintiff could hang the plea of prescription of three years.
Keenan & Weis claim $582.48 balance due to them as “architects” for their commission for making the plans and specifications and supervising the construction of the buildings.
The relators allege that the services of these architects are prescribed under that part of C. C., 3538 (3503) Which establishes the prescription of three years for “the *298 hire of movables” and for “the salaries of overseers, clerks, secretaries, etc.”
We are of the opinion that the “hire of movables” applies to “things hired’ and not to services rendered by a human being.
An .architect does not get a salary, but a commission. He is not strictly an overseer or clerk. Prescription cannot be established by comparison. C. C. 3470 (3433). “There are no other prescriptions than those established by this Code and the .Statutes of this State now in force.’’
“Actions of innkeepers and such others on account of lodging and board” are prescribed by one year. Yet it has been decided that the claim of a house keeper who does not make a business of keeping boarders is not prescribed by one year.
22 A., 316.
“Architects” are assimilated to undertakers. 25 Baudry-Lacantinerie, Sec. 724, p. 567.
In 36 Dalloiz Rep. Legis, p. 276, No. 982, we read:
“It is evident that architects are not laborers and the action for the payment of their fees is prescribed only by "thirty years. It is the same with regards to undertaker’s. 22 Oct. 1817.”
In 2 Trop. Prese., Sec. 954, p. 536, he says:
“At any rate, architects and undertakers are not subjected to the prescription of six months; they are not laborers.”
It is therefore ordered, adjudged and decreed that the judgment of the lower 'Court, herein in so far as Keenan & Weis, Alexander Baradat and E. W. Putfork are con *299 cerned be reversed, annulled and avoided, and that there now be judgment rejecting relator’s petition at his cost in both Courts.
Opinion and decree, March 27th, 1916.
Rehearing refused, May 8th, 1916.