EASTERN DIS.
*February*, 1833.

BRUGIER *vs.* MOUSSIER'S ADM'R.

APPEAL FROM THE COURT OF PROBATES OF THE PARISH OF JEFFERSON.

Where a party was employed in the month of October, and again in the month of December, the court will infer that there was but one contract.

This action was brought to recover, as a privileged debt, the sum of seven hundred and eighty-four dollars and eighteen cents. This sum appears to be due the plaintiff for work done upon a plantation at different times. The object of the suit was to obtain a privilege on the proceeds of the sale of the plantation, which the administrator of the deceased debtor had refused to grant. The value of the work exceeded five hundred dollars; no contract was ever registered. The court below decided there was but one contract, and consequently refused the privilege asked. The plaintiff appealed.

*D. Seghers*, for appellant.

1. Such facts as are not denied by the answer, are to be considered as admitted. The plaintiff is not bound to administer any proof of his allegations which are not denied by the answer. 4 *Martin's Reports*, *N. S.* 615, *Akin et al vs. Bedford et al.*

2. This case is to be governed by *art.* 3239 of the *La. Code.*

Appellee, *in propria persona.*

1. The answer does not admit any thing, except that the plaintiff is an ordinary creditor of the estate of J. B. Moussier, for the sum of six hundred dollars, therefore plaintiff was bound to make out his case.

2. If, as contended by defendant, there was but one contract exceeding five hundred dollars, the plaintiff has no privilege, because the contract was not registered as required by law. *Civil Code*, 2746, 3239.

EASTERN DIS.
*February,* 1833.

BRUGIER
*vs.*
MOUSSIER'S
ADM'R.

3. If there were two contracts, the privileges resulting therefrom, are prescribed. *Civil Code,* 2747.

PORTER, J. delivered the opinion of the court.

The petition states, that in the month of October, 1830, the plaintiff was employed by the deceased to do certain work on his plantation, and that the value of this work is four hundred and seventy-six dollars and ninety-six cents, of which there has only been paid the sum of one hundred and eighty dollars, leaving a balance of two hundred and ninty-six dollars and ninety-six cents.

It further states, that on the first of December, of the same year, he was again employed to work on the plantation of the deceased, and that his labor was worth four hundred and eighty-seven dollars and twenty-two cents.

The answer acknowledges, that the sum of six hundred dollars was due, but denied the claim set up in the petition, that the debt should be paid by privilege and preference.

The court gave judgment for the amount admitted by the answer, but refused the privilege. The plaintiff appealed.

The 2746th article of the *La. Code,* provides, that no agreement or undertaking for work, exceeding five hundred dollars, which has not been reduced to writing, and registered, shall confer a privilege.

The plaintiff contends, that the amount due exceeds five hundred dollars; and there was no registry, yet the debt should be considered privileged, and decreed to be paid as such, because it arose from two agreements, each of which was below the sum of five hundred dollars.

In support of this proposition, he relies on the allegations in the petition; that he was *employed* in the month of October, and again *employed* in the month of December, to work on the plantation of the deceased; and that the allegations being uncontradicted by the answer, must be taken as true.

Testimony was taken, by consent of parties, which establishes, that the plaintiff, after commencing work on the plantation, and continuing at it for some time, was compelled,

for want of materials, to stop, and that he afterwards returned and worked there again.

The judge below considered, that although there were two accounts presented, there was, in truth, but one contract, and rejected the claim of privilege.

There is no allegation in the petition, that there were two distinct agreements, or contracts. The plaintiff might well be employed on the plantation in the month of October, and again in the month of December, in virtue of one contract. When such consequences are drawn from an admission, as are attempted here, the allegation should be clear and distinct in its meaning. The word, *employ*, may mean either busy, or occupied at work, or it may mean commissioned or instructed with the management of an affair. If taken in the latter sense, it might, perhaps, justify the conclusion, it was used in the petition to express two distinct commissions, or engagements; but it is clear the plaintiff himself did not so intend to use it. For he alleges, that on the first of October, and the following days, he was employed to erect buildings, which clearly means, that he was occupied and at work on the plantation during these times; unless he intended to say, that he made a new agreement each day, which is not contended for. The admission, therefore, in the answer, that the intestate owed six hundred dollars, cannot be taken as a confession there were two agreements; and the parol evidence, that work was discontinued for want of materials, joined to the extreme improbability that two distinct contracts were made on a sugar plantation, at that season of the year, for work, of which the necessity was as obvious before October, as in December, satisfy us the judge did not err; and it is, therefore, ordered and decreed, that the judgment of the Court of Probates be affirmed, with costs.

EASTERN DIS.
*February*, 1833.

BRUGIER
*vs.*
MOUSSIER'S
ADM'R.

Where a party was employed in the month of October, and again in the month of December, the court will infer that there was but one contract,