BURTHE
*vs.*
DONALDSON
ET AL.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

========

### BURTHE *VS.* DONALDSON ET AL.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF NEW-ORLEANS.

A draft, drawn payable at no particular time, may be considered at sight; and an acceptance payable four months, is contrary to its tenor, and will release the drawer.

Where a plasterer drew a draft on the owner, stating " it was for plastering done on his building," the acceptance was an admission that the drawer was entitled to a privilege under article 3216, No. 2 of the Louisiana Code, and which passed to the holder of the draft.

This is an action on a draft, against the drawer and acceptor on a promissory note, given as collateral security of the draft, signed by Charles Wilkinson, the payee of the draft, and one C. Watson, endorsed by F. Bryde. The tenor of the draft is as follows:

"New-Orleans, February 26, 1839.

" Mr. Barnes: Please pay Charles Wilkinson the sum of $560, *for plastering done on your building,* and charge the same to my account.        JOHN DONALDSON."

Endorsed, " Charles Wilkinson."

Acceptance: " I accept the within order, payable four months after.

"New-Orleans, 27th February, 1839.   W. BARNES."

The plaintiff alleges, that he is subrogated to the rights of Donaldson, the drawer of the draft, *and has a privilege,*

also, on the building of Barnes "situated in St. Paul-street, between Common and Gravier streets. He prays judgment, *in solido* against all the parties to the note and draft, with privilege on the house, or its proceeds.

EASTERN DIST.
*April,* 1840.

BURTHE
*vs.*
DONALDSON
ET AL.

Donaldson and Barnes pleaded a general denial. Judgment by default was made final against the other defendants. The note, draft and protest, with proof of the signatures, were produced in evidence, and there was judgment also against Donaldson and Barnes, *in solido,* for the amount of the draft, with costs of protest, and privilege on the proceeds of the sale of the house on which the plastering was done, and for which the draft was given. These defendants appealed.

*Grivot,* for the plaintiff, prayed the affirmance of the judgment, with damages, as for a frivolous appeal.

*Collens,* for the defendants, insisted that there was no evidence to show the existence of a privilege, as regards Barnes, on the house mentioned ; and no such privilege, as that contended for, could exist.

2. There is error in the judgment as regards Donaldson. He was clearly discharged by the acceptance of the *draft on time.* This was contrary to its tenor, and giving time to the acceptor, which released the obligation as to the drawer. There was no demand made on the acceptor at maturity, or notice of the dishonor of the bill given in due time to Donaldson. He is discharged on these grounds.

*Bullard, J.,* delivered the opinion of the court.

This is an action upon a protested draft, against the drawer and acceptor, and upon a promissory note given as collateral security. Judgment having been rendered against all the parties, two of them, to wit, Donaldson the drawer of the draft, and Barnes the acceptor, have appealed.

On the part of Donaldson, the drawer, it is urged that the judgment against him is erroneous, inasmuch as the draft drawn by him was not accepted according to its tenor, and

A draft drawn payable at no particular time, may be considered at sight ; and an acceptance at four months, is contrary to its tenor, and will release the drawer.

EASTERN DIST. that he has never been notified of a demand, and failure to
May, 1840. pay, on the part of the acceptor.

BURTHE
vs.
DONALDSON
ET AL.

Where a plasterer drew a draft on the owner, stating "it was for plastering done on his building," the acceptance was an admission that the drawer was entitled to a privilege under article 3216, No. 2 of the Louisiana Code, and which passed to. the holder of the draft.

We think the exception well taken. The draft was not at any particular sight, and may, therefore, be considered as at sight. The bearer consented to an acceptance at four months, and thereby, we think, released the drawer.

Barnes, the acceptor, complains that the judgment allows the plaintiff a privilege on a particular house.

The draft, which the defendant, Barnes, accepted, was drawn by a plasterer, and the consideration, expressed on the face of it, was "for plastering done on your building." The acceptance of the draft was an admission that the drawer was entitled to a privilege under article 3216, No. 2 of the Louisiana Code, upon a building of the acceptor. That privilege passed to the plaintiff, who was the bearer of the draft. But it is said the evidence does not show that the privilege existed on the house in St. Paul-street, between Gravier and Common streets. The appellant was notified by the petition, that a privilege was claimed on that particular building, as the one on which the plastering had been done. There is no evidence that the appellant owned any other house. As relates to him, it ought to be indifferent whether there be a privilege on one of his houses or another; and if that particular building has ceased to be his, the judgment cannot affect the present owner, not a party.

The judgment, so far as relates to the appellant, Donaldson, is therefore avoided and reversed, and ours is in his favor, with costs in both courts; and as it relates to the defendant, Barnes, the judgment is affirmed, with costs.