WILLIAM K. LANCY, and another, *vs.* HOME INSURANCE CO.

Somerset.    Opinion March 14, 1890.

*Fire insurance. Non-occupancy. Increase of risk. R. S., c. 49, § 20.*

A policy of fire insurance upon a dwelling-house becomes void, when the risk is materially increased, by non-occupancy without the consent of the insurer.

ON REPORT.

It was admitted that defendants are a foreign fire insurance company, and were legally admitted before March 26, 1875, as

required by law, to transact insurance business in the state of Maine, and have been so legally admitted annually since.

The case is sufficiently stated in the opinion.

*S. S. Hackett*, for plaintiffs.

Non-occupancy does not avoid the policy unless risk is materially increased. Testimony of insurance men that risk is generally increased by non-occupancy is not admissible. *Joyce* v. *Ins. Co.*, 45 Maine, 168; *Cannell* v. *Ins. Co.*, 59 Maine, 582; *State* v. *Watson*, 65 Maine, 74.

The defendants' right to invoke limitation clause as a defense waived. *Little* v. *Ins. Co.*, 123 Mass. 380.

Counsel also cited: *Lewis* v. *Ins. Co.*, 52 Maine, 492; *Blake* v. *Ins. Co.*, 12 Gray, 265; *Freeman* v. *Morey*, 45 Maine, 50; *Augusta* v. *Vienna*, 21 Maine, 298; *Groton* v. *Lancaster*, 16 Mass. 110; Greenl. Ev. § 47; Whar. Ev. § 1323; Best Ev. § 43; *Bank* v. *McNeagle*, 69 Penn. St. 159; *Bank* v. *Crafts*, 4 Allen, 447; *Bailey* v. *Ins. Co.*, 56 Maine, 474; *Patterson* v. *Ins. Co.*, 64 Maine, 500; *Winslow* v. *Kimball*, 25 Maine, 493; *Merrill* v. *Crossman*, 68 Maine, 412; *Church* v. *Crocker*, 3 Mass. 17; *Holbrook* v. *Holbrook*, 1 Pick. 248; *Thayer* v. *Dudley*, 3 Mass. 296; *Somerset* v. *Dighton*, 12 Mass. 383; *People* v. *Utica Ins. Co.*, 15 Johns. 358; *Jackson* v. *Collins*, 3 Cow. (N. Y.) 87; *Amesbury* v. *Ins. Co.*, 6 Gray, 596; *Dolbier* v. *Ins. Co.*, 67 Maine, 180; R. S., c. 49, § 86; c. 34, § 1, laws of 1861; (c. 49, § 62, R. S. of 1871,) c. 44, laws of 1875; *Hughes* v. *Farrar*, 45 Maine, 72; *French* v. *Co. Com.*, 64 Maine, 583; *Staniels* v. *Raymond*, 4 Cush. 316.

*Edmund F. Webb and Appleton Webb*, for the defendants.

Policy provides that suit shall be commenced within twelve months after loss shall occur. Provision contained in R. S., c. 49, § 87, does not apply to defendants as they were admitted before March 26, 1875, c. 44, § 3, laws of 1875.

After the loss shall occur means the same as if it read after the loss shall "accrue." *Mayor* v. *Hamilton Fire Ins. Co.*, 39 N. Y. 45.

C. 222, laws of 1889, repealing proviso in R. S., c. 49, § 87, does not affect this action, because it was pending at the time of

its passage.  R. S., c. 1, § 5; *Phinney* v. *Phinney*, 81 Maine, 450; 2 Rorer on R. R. 1096; *Dolbier* v. *Ins. Co.*, 67 Maine, 180, was decided without reference to the statute.

Risk greatly increased by non-occupation, R. S., c. 49, § 20.

Counsel also cited: *Luce* v. *Ins. Co.*, 105 Mass. 297, 301; *Lewis* v. *Ins. Co.*, 52 Maine, 492; *Davis* v. *Ins. Co.*, 49 Maine, 282.

PETERS, C. J.  The question of recovery for a loss by fire under this policy is referred to the court, as a question of law and fact.  The defenses set up are the statute of limitations, a want of proof of loss, and increased risk occasioned by non-occupancy.  The title is also questioned.  It is doubtful if any proof of loss was ever sent to the company, or to any of its agents. We need not consider any of the questions, however, excepting that of non-occupancy, which will be decisive of the case.

It is agreed in the policy that, "should the premises become vacant or unoccupied without notice to, and consent of, the company, in writing, the policy shall be void."

The insurance was for $300 on the house and $200 on barn. The buildings were of a poor class, situated on a cheap farm, in a remote settlement, without near neighbors, in the town of Pittsfield.  The buildings were insured in January 1885, and burned down in April next afterwards.  It is well enough proved that the premises were not occupied at the time of the fire, nor had they been for weeks before, and that the fire was incendiary.  The plaintiffs feel assured that they know who set the fire.  No notice was given that the house would be vacated, nor assent asked, by the insured.

By statute of this state, mere non-occupancy does not create a forfeiture of the policy.  The company must show that the risk was materially increased by the non-occupancy.  We think the facts in this case do show it.  We all know that old, dilapitated buildings on the roads, in secluded places, are exposed to some risk of destruction by fire from their very situation.  In all probability the torch would not have been applied to these buildings had they been occupied at the time.  The increased risk was fatal to the safety of the property.  The result shows it.  It

behooves men who take policies to pay some heed to the conditions contained in them.   The plaintiffs were not unaware of the provisions in this policy, and suffer only from their own neglect to comply with them.

*Judgment for defendants.*

WALTON, VIRGIN, LIBBEY and HASKELL, JJ., concurred.