## Griggs *v.* Vermilya, Appellant.

*Evidence—Witnesses—Party dead—Act of May 23, 1887.*

In a sci. fa. sur mortgage, a terre tenant is not a competent witness, where the mortgagor is dead, to prove that the mortgagor had sold the property to the terre tenant prior to the execution of the mortgage.

The subject-matter of the contest and the rights and disabilities of the parties are the same in an action by the mortgagee as in an ejectment by the mortgagor tried after his death and the substitution of his heirs.

Argued May 2, 1892. Appeal, No. 47, July T., 1891, by defendants, terre tenants, Lovina Vermilya, et al., from judgment of C. P. Warren Co., June T., 1888, No. 57, on verdict for plaintiff. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ.

Sci. fa. sur mortgage.

The facts appear by the opinion of the Supreme Court.

On the trial, before NOYES, P. J., defendant offered to show by Lovina Vermilya where she resided previous to her purchase of the property described in this mortgage; that in 1874 or 1875 the witness purchased this property described in the mortgage from Mark E. Vermilya, went into possession of it, and has continued to keep the actual, continued, open and notorious possession thereof ever since; for the purpose of showing ownership of the property, and that the mortgage sued upon is not a lien thereon.

Plaintiff objected to the competency of the witness to testify as to any matter occurring between herself and Mark E. Vermilya, with reference to the purchase of this property by her.

Objection sustained so far as it goes to the competency of the witness to testify to matters occurring prior to the death of Mark E. Vermilya. Exception and bill sealed. [1]

Verdict for plaintiff and judgment. Defendants appealed.

*Error assigned* was ruling on evidence, quoting bill of exception.

*D. I. Ball,* C. C. *Thompson* with him, for appellant.—Appellant was not a party to the mortgage nor is her interest adverse to that of the mortgagor, as his interest passed to her by the deed. The very question seems to be ruled in King v. Humphreys, 138 Pa. 310.

*Chas. Dinsmoor*, with him *James Cable* and *C. A. Patterson*, for appellee.—The act of 1887, and the decisions under it, do not change the results reached in Karns v. Tanner, 66 Pa. 297, in vindication of the principle of public policy which excludes one party to a contract from testifying regarding it, where the other is deceased, not only upon the ground of interest, but also upon that of the inequality of knowledge between the parties now litigating, of a transaction occurring in the lifetime of one of the parties thereto, who is now dead: Sutherland v. Ross, 140 Pa. 379; Bell v. Farmers' D. Nat. Bank, 131 Pa. 318; Duffield v. Hue, 129 Pa. 94; Parry v. Parry, 130 Pa. 94.

OPINION BY MR. JUSTICE MCCOLLUM, October 3, 1892.

The sole question in this case is whether the appellant is a competent witness to testify to matters pertinent to the issue and occurring in the lifetime of her son Mark E. Vermilya, the mortgagor. In considering it regard must be had to her position as a claimant of the land included in the mortgage. This land was conveyed by the appellant and her husband to their son Mark on the 21st day of February, 1873, and the deed therefor was duly recorded two days thereafter. On the 12th of May, 1882, Mark mortgaged it to Griggs, the appellee, for $2,200 and the mortgage was recorded the same day. Mark E. Vermilya died on the 3d day of July, 1887, and Wm. L. Cable was appointed his administrator, against whom a writ of scire facias on said mortgage was issued April 28, 1888. The writ was duly served on him and on George W. Vermilya and Lovina Vermilya, terre tenants. The due execution of the mortgage and the validity of the debt secured by it were not denied but the terre tenants were allowed to defend on their allegation that when the mortgage was made Mark E. Vermilya had no interest in the land and that the title to the same then was and now is in the appellant. In support of their claim they gave in evidence a deed of the land from Mark E. Vermilya to Lovina Vermilya acknowledged Jan. 4, 1882, and recorded Nov. 23, 1887. They then offered to show by the appellant a parol sale in 1874, in pursuance and consummation of which this deed was executed and delivered, and also that she took and maintained possession of the land under such sale. The offer was objected to and rejected on the ground that the matter

contained in it occurred in the lifetime of Mark E. Vermilya and related to an alleged transaction with him on which she relies to defeat his conditional grant to the appellee.

Is she a competent witness for the purpose stated? The mortgage of this land by Mark E. Vermilya was the exercise of an act of ownership and it involved an assertion by him that he had an estate in it. This claim was supported by the record of the deed to him from the appellant and her husband. If after the execution and delivery of this deed they had obtained possession of the land and he had brought ejectment against them to recover it, and died pending the action, they could not allege and support by their own testimony a transaction with him by which he returned the title to them, nor would their possession of an alleged deed from him qualify them to testify to such matters. The subject-matter of the contest and their rights and disabilities are the same in an action by his mortgagee as in an ejectment by him, tried after his death and the substitution of his heirs as plaintiffs therein. Their competency as witnesses is not affected by the form of the action or by the fact that it was instituted by his mortgagee.

In this case Mark E. Vermilya, claiming to be the owner of the land in dispute, conveyed, by the mortgage sued upon, his rights therein to the appellee. The defence of the appellant is a denial of the claim of the mortgagor, and her interest being adverse to the rights so conveyed she is not a competent witness to matters occurring in his lifetime.

The specification of error is overruled.

Judgment affirmed.