## BRADISH W. JOHNSON AND CHARLES E. DUCK *vs.* JOHN GLENN, JR., AND GEORGE WHITELOCK, ASSIGNEES.

### *Mortgage Sale—Commissions of Mortgagee.*

Where mortgaged property is sold in pursuance of Code, Art. 66, sec. 6, under a power of sale contained in the mortgage, which authorizes the mortgagee to pay out of the proceeds of sale "all expenses incident to the sale;" neither the mortgagee nor his assignee is entitled to commissions for making the sale.

Appeal from an order of the Circuit Court No. 2, of Baltimore City (WRIGHT, J.) The case is stated in the opinion of the Court.

The cause was argued before ROBINSON, C. J., BRYAN, McSHERRY, FOWLER, BRISCOE, PAGE and BOYD, JJ.

*Fielder C. Slingluff,* for the appellants.

*George G. Carey* and *John Glenn, Jr.,* for the appellees.

BRYAN, J., delivered the opinion of the Court.

A mortgage was made in the year eighteen hundred and seventy-nine, by Helen W. Johnson to John C. Backus, to secure the payment of eleven thousand dollars. By *mesne* conveyances, in course of time, it became vested in John Glenn, Junior, and George Whitelock, the appellees. The assignees have made sales of the mortgaged property, and the only question in this case is whether they are entitled to commissions for making the sale. In case of default the mortgagee, or John Glenn, his attorney, was authorized, by the terms of the mortgage, to sell the property and apply the proceeds of sale, in the first place, " to the payment of all expenses incident to such sale," and afterwards to the money

due on the mortgage, etc. The power to sell is derived exclusively from the agreement and contract of the parties to the mortgage. It is made effectual by section six of Article sixty-six of the Code of Public General Laws, and by the same enactment it passes to the assignees of the mortgage. Whatever rights the mortgagee or his assignees have in the premises arise from and depend upon the stipulations contained in the mortgage. We must look to that instrument to ascertain their character and extent. If, therefore, the words, " all expenses incident to such sale," include commissions, the assignees are entitled to receive them, but not otherwise. The assignees, in making the sale, were acting for their own interest. But they are nevertheless entitled to all expenses which were reasonably necessary and proper to enable them to make an advantageous sale. For instance, they ought to be allowed the services of an auctioneer, and the cost of advertising, and of other reasonable methods of obtaining an adequate price for the property. Such expenses as these may be justly considered as incident to the sale. But the payment of commissions to the assignees for attending to their own business could have no influence in promoting the sale, or in enhancing the price of the property. It would not in any way be accessory to the successful prosecution of the business in hand. It would simply be a gratuity for the personal benefit of the assignees. In *Rappanier* v. *Bannon*, decided at January term, 1887, but not reported, this Court had occasion to consider a claim for commissions made by a mortgagee, who had sold the property under a power of sale contained in the mortgage. There was no stipulation between the parties for the payment of commissions, and it was held that they could not be allowed. It was said: "This deed contained the agreement between the parties, and there is no provision in it giving the mortgagee a *right* to be allowed commissions, nor any language which seems to leave that question with the Court. If it had been the purpose of the contracting

parties that the mortgagee should be paid the usual trustee's commissions in the discretion of the Court, it was very easy to have so provided."

The Court below allowed commissions to the assignees. We think that it committed an error, and we must therefore reverse its order.

*Reversed and remanded*

(Decided January 31st, 1895.)