His Honor, CHARLES F. CLAIBORNE,
rendered the opinion and decree of the Court, .as follows:
This is .a contest between the holder .of a note claiming a vendor’s privilege and a furnisher of materials asserting .a preference over him.
By an act dated November 18th, 1912, Louis Oury sold to the Metropolitan Building Company a lot of ground for the price of $1000 cash.
!By another act dated the same day, duly registered, the same Building Company sold back to Louis Oury the same lot for the price of $6,500, .of which the said Oury paid $1,000 cash and for the balance $5,500 furnished'his note.
This note was .acquired by the defendant, Benjamin C. Rea.
Upon the same day Louis Oury made a written contract with the same Metropolitan Building Company to erect certain buildings for the price of $5,500 on the same lot he had purchased.
This contract was never recorded in the. mortgage office.
The Miller-Goll Manufacturing Company, the plaintiff herein, then made a verbal contract with the Metropolitan Building Company to furnish and did furnish all the factory work necessary for the erection of said buildings for the price of $675.00.
*7 The Metropolitan Company failed and never paid plaintiff, the Miller-Goll Manufacturing Company. This company then served an attested account upon Oury, the owner, and recorded the same November 12th, 1913.
In the present suit the plaintiff, Miller-Goll ’Company, avers that it has a privilege on the buildings for the amount of the materials furnished by it, and that said privilege is superior to the note of $5,500 held by Benjamin C. Rea.
There was judgment against the plaintiff and it has appealed.
The first question that presents itself is, 1ms the plaintiff any privilege at alii
We have seen that- the building contract between the owner, Oury, and the Metropolitan Company, contractor, was not recorded in the mortgage office, and that plaintiff contracted, not with the owner, but with the contractor.
Article C. C., 2772 (2743) provides:
“The undertaker has a privilege for the payment of his labor on the building or other work which he may have constructed. ’ ’
C ’C., 2775 (2746):
“No agreement or imdertaking for work exceeding five hundred dollars which has not been reduced to writing and registered with the recorder of mortgages shall enjoy the privileges above granted.”
The Metropolitan Company therefore had no privileges upon the building because its contract with the owner had not been recorded.
11 M., 437 ; 6 N. S., 473; 12 A., 227; 4 A., 1.22; 19 A., 446, 98; 16 La., 292; 6 A., 480, 63; 5 A., 334; 26 A., 221; 30 A., 993; 32 A., 1036; 24 A., *8 610 (612); 2 La., 489; 16 A., 306; 48 A., 761; 1.33 La., 697, 5 La., 93; 20 A., 485.
It has been decided frequently that if the contractor has no privilege the furnisher of materials has none.
4 A., 122; 5 A., 432; 6 A., 480; 26 A., 220; 30 A., 993, 996.
The reason is that:
“The material men and workmen whom he (the contractor) has employed have no privilege of their own on the building; they are only permitted to avail .themselves pro tanto of his. (the contractor’s) privilege.”
6 N. S., 168, 169; 3 A., 504; 26 A., 98; 26 A., 221; 30 A., 993, 996, 1000, 1001; 8 Ct. of App., 291, 418; 5 Ct. of App. 34 (36); 2 Ct. of App., 174; Ct. of App., No. 2273.
“It would seem from a comparison of this Article (C. C., 3216, No. 3, now 3249) with Article 2772 (2743) that a privilege on the building was allowed only to those who were employed directly by the owner who contracted with him. ’ ’
30 A., 996,1000; 25 A., 61.
But if plaintiff has any privileges at all he derives it from Act 180 of 1894, p. 223. This act provides that furnishers of materials “shall have a privilege on the land and building if they record their sworn bills whether the original contract is recorded or not.” But if this statute is in force then the concluding part of the section must be applied which is as follows: “provided that all mortgages and privileges recorded against said land and buildings, pi’evious to signing said contract shall have precedence over all other liens.”
*9 This language would give the note herein a privity over the material man.
Neither Act 134 of 1906, p. 223, nor Act 167 of 1912 confer any privilege upon the material man, except the one he acquires vicariously through the recordation of the principal building contract. We know of no law, nor have we been referred to any which confers such privilege; and as privileges are strieti juris, in derogation of common right, none can be allowed except such as <are clearly conferred by the law.
This conclusion makes it unnecessary to consider whether the sale by Oury to the Building Company iand .the re-sale by the Building 'Company to Oury on terms conferred a vendor’s privilege or a mere mortgage. It is clear that Rea has one or the other, and it is equally clear that plaintiff has neither and that therefore it can claim no preference over Rea.
But the act of sale by the Building Company to Louis Oury dated November 18th, 1912, was recorded on November 21st, 1912, within the time required by law. Plaintiff’s verbal contract with the Building Company was made about December. 6th, 1912, and completed about January 29th, 1913. Yet the detailed statement of its claim was recorded only on November 12th, 1913.
The law upon such a state of facts is thus laid down in Marmillion vs. Archinard, 24 A., 610:
“The builder’s lien and privilege allowed by law on the building erected by the contractor only dates and takes rank from the day it is recorded in the office of the Recorder of Mortgages. The recording of a detailed statement of the amount due, attested under the oath of the builder, only gives him a privilege on the building from and after it is recorded. It does not date back to the time of the contract for *10 the erection of the building. Other mortgages or privileges of prior date of record will therefore take precedence over such a privilege in the distribution among the creditors of the proceeds of the sale of the property.”
Opinion and decree, November 8th, 1915.
C. C., 3274; Louque’s Dig., p. 611.
"Construing Articles 3273 and' 3274 Civil Code so .as to give effect to both, the Court concludes that privileges have effect as to third persons, generally from the date-of their registry, but for a privilege to have preference over an existing mortgage, it must be recorded on the day the contract is entered into.”
27 A., 245, 407; 23 A., 271, 694, 286; 25 A., 232; 26 A., 80; 20 A., 79; 47 A., 533.
Judgment affirmed.