His Honor, CHARLES F. CLAIBORNE,
rendered the opinion and decree of the Court, as follows:
This is a concursus proceeding under Act 221 of 1914, p. 418.
Plaintiff alleges that on February 6th, 1915, she made a written contract with defendants, Cappell and Gordon, by which they were to erect upon a portion of ground owned by her a building for the price of $1,600, payable in four installments of $400 each; that the said contractors furnished as bondsmen in solido, Widow Lee Franklin, Margaret Franklin and Ethel Franklin, wife of Henry Allen, for the amount of $900.00; that said contract and bond were recorded in the mortgage office on February 11th, 1915; that after the third payment the contractors abandoned the work in an incomplete condition; that she. paid said contractors all but the sum of $600 remaining in her hands at the time of the default, which she has used to complete the contract; that several parties have notified her that they have claims against *323 the contractors for work done and materials furnished to said building and of their intention to record same in the mortgage office, as follows:
1st. Brandin Slate Company............... $220.59
2nd. W. L. Rosenbaum .................. 62.99
3rd B. Schneider.............. 126.00
4th. Otto Knoop Lumber Co.-.............. 315.61
5th. Jas. Demourelle & S.on .............. 186.45
6th. Miller-Goll Manfg. Co. ..’............ 232.90
Making a total of ........................$1,144.45
She prayed that all of said parties be cited together with the contractors and their sureties .and for judgment in her favor ordering the cancellation of .all inscriptions against her property, and in the event that she be held liable in any sum, that she have like -judgment against the contractors and their sureties.
1st. The Brandin Slate ’Company answered that Ethel Franklin was not authorized by her husband, Henry Allen, to sign the bond, and that the bond is not such as the law required.
2nd. Rosenbaum denied that the bond was such as the law required.
3rd. B. Schneider denied that the bond was such a.s the law required.
4th. Otto Knoop Company denied that the surety was valid because Ethel Franklin had not been authorized by her husband, and Margaret Franklin was a minor, and the sureties were not solvent.
5th. James Demourelle & Son denies the allegations of the petition and pleads .anticipated payments.
6th. • Miller-Goll Company denies that the sureties are solvent.
*324 They all pray for a personal judgment against the plaintiff and the contractors, and in case the sureties were such as required by law, against them also.
A rule to test the solvency of the sureties taken by toe Otto Knoop Company was, on their motion, referred to the merits.
On motion of the plaintiff this cause was referred for hearing to Meyer S. Dreifus, 'Commissioner, under Act 52 of 1912, p. 61; and a curator ad hoc was appointed to the absentee, Jesse 0. Capped.
Joseph Gordon admitted the contract, their failure to complete it, and the payment of $1000; but he avers that while the building was to be constructed in paid with old materials the plaintiff insisted upon new materials; that the roof was covered with new slates instead of old ones, at an increase cost of $200; that instead of old frames and doors new factory work was put in the building at an extra cost of $250 and that new framing, weather boards and flooring to the value of $300 were used in the building, and a new double room and additions of the value of $200, all without his consent or that of the sureties, and that the additions to said building are worth $1,200.
The sureties repeat the allegations of unauthorized changes and additions made in the building; Margaret Franklin alleges she was a minor emancipated but that the judgment of emancipation was null; and Ethel Franklin pleads want .of marital authority to sign the bond.
Jesse O. 'Cappell, through his curator, denied all plaintiff’s allegations. • •
The cause was tried by the 'Commissioner. His report was filed in Court. Exceptions to the Commissioner’s *325 report were filed by the Otto Knoop Company and by plaintiff and the sureties. They were dismissed and the report was adopted by the Court. There was judgment ordering the plaintiff to deposit in Court the sum of $1,500, composed of $900 amount of the insolvent bond and $600 balance of contract at the time of the default of the contractors, and ordering the payment, out of this sum of $1,500, of the Commissioner’s compensation of $200, curator ad hoc’s fee of $35 and all costs of Court, and the balance to be distributed ratably among all the materialmen made defendants,, with privilege upon the building and lot. of ground. There was also judgment in favor of the plaintiff against the contractors for $1,-500 and in her favor against the sureties, with the exception of Mrs. Allen, for $900.
The plaintiff .alone has appealed.
Appellee, Brandin Slate Company, moves to dismiss the appeal on the ground that plaintiff has recorded this judgment in tl;e mortgage office subsequent to date of her appeal.
The judgment in this case was two-fold; one in favor of defendants against the plaintiff, the other in favor of plaintiff against the sureties. Plaintiff appealed from the judgment “in favor of the defendants,” and recorded the judgment in her favor against the sureties. We cannot see how this action can be construed into an acquiescence or execution of the judgment against her.
6 R., 273; 3 R., 253; 12 A., 860; Genella vs. McClure, No. 6493.
The motion to dismiss is denied.
In answer to the appeal the Otto Knoop Company pray that in case this Court shall reduce the amount of the judgment against plaintiff, that the Commissioner’s com *326 pensation and other costs be charged as costs against the plaintiff, and not against the mass, and that the claims of the materialmen which were not served in a “detailed statement” be paid only after their claims.
The Commissioner found that the sureties were insufficient. Their only asset consisted of a property which they had acquired as the widow and heirs of Lee Franklin. It appears that Franklin purchased this property in 1898 and that he was married to his wife, the surety in this case, only in 1913. The two other sureties, represented to be his children, are not mentioned in the act of marriage. We prefer to rest our opinion upon the insufficiency of the surety than upon the want of title of the sureties. Assuming that the property was community, one-half belonged to the widow and the other half to' the two children, or one-fourth to each.
It is admitted that Allen did not authorize his wife to sign the bond, therefore her one-fourth interest in the property must he eliminated.
C. C., 3042, 1782; 111 La., 71,
It is also in evidence that there is a mortgage on the property of- $335.82. It is assessed $1,000. An auctioneer and real -estate agent -estimates the property at $1,200. The testimony of Gordon is too unreliable to affect this valuation.
If we deduct from $1,200 the mortgage- of $335.82 there remains $864.18, three-fourths of that is $648.13, an amount insufficient to secure the bond. The judgment is therefore correct, in holding the owner in default and personally liable to the materialmen.
133 La., 980; 9 Ct. of App., 38.
The only question is the amount of that liability.
*327 Act 221 of 1914, page 418, line 3 from the bottom, provides:
“•The owner of such work shall require of said undertaker, contractor * * * a bond with good and solvent surety as follows: For all contracts aggregating over $500.00 to $100,000.00 inclusive surety shall be required for not less than one-half the •amount of the contract.”
Line 2 of page 420 of the same act reads:
“ * * * If the surety is found to be not solvent or insufficient to cover the full amount for which he .is bound * * * the owner shall be in default and shall be liable to'the same extent as the surety would have been.”
The bond in this case was given for $900 but $800 was the only amount required by law. The surety cannot be held for more than the .amount required by law; and the owner can only be made liable to the same extent as the surety. In Jeanerette Lumber Co. vs. Weir, 8 Ct. of Ap., 87, this ’Court said:
“The rule that as one binds himself he shall remain bound may be true in conventional obligations; but the effect of judicial and statutory bonds must be tested by the law directing them to be taken. That which is super-added must be rejected and that which is omitted supplied. ’ ’ •
Quoting: 2 H. B., 1023, No. 6; See also 15 A., 551; 6 N. S., 498; 8 A., 498; 10 A., 124.
When there is no law authorizing the bond, the surety thereon cannot be held liable.
7 A., 571; 8 A., 298); 22 A., 535; 25 A., 218; 10 A., 224; 28 A., 244.
*328 When a clause augmenting the obligations required by law is inserted in a bond, the clause will not be binding on the surety.
2 L., 398; 16 La., 173; 9 R., 537, 538; 4 A., 373; 26 A., 271.
When the bond is for an amount greater than that required by law it will be reduced pro tanto.
Deny vs. Armitage, 5 M., 629 (631).
The surety in a bond given for an appeal taken after the lapse of ten days will be bound only for costs though the bond was for an amount large enough for a suspensive appeal, and the surety bound himself “to satisfy whatever judgment may be rendered against him. ’ *
Bryne vs. Riddell, 4 A., 3.
Any amount in excess of the minimum required by law. is conventional and enures to the benefit of the owner alone, since it is to be presumed that the owner required the excess for his own protection inasmuch as he could not compete with materialmen and others as to the minimum required by law.
The appellant contends that there was error in condemning her to deposit the amount of $600 in Court and in denying her right to use that sum to complete the contract. We do not see upon what theory the judgment on that point can be maintained. The cases referred to do not support the opinion.
Greater N. O. Horn. Assn. vs. Levy, No. 5904 Ct. of Ap., 9 Ct. of Ap., 108.
The owner is bound under the law to deposit only such amount as he may owe the contractor, such an amount as the contractor may have earned and acquired by labor and materials furnished to the building. The amount *329 which he has not earned is not his. There is no pretense that at the moment of the contractor’s abandonment of the work, the owner owed him more than $200, the balance of the third payment, nor that the owner completed the contract for less than the last payment of $400. Therefore, the contractor had no claim on the last payment of $400 nor did any of the materialmen.
See State ex rel. Del Blieux vs. Recorder, 25 A., 61; Equitable Real Estate Co., 133 La., 449, 460, 476.
Besides, the building contract provides that on default of the contractor or surety to fulfill the contract the owner ‘ ‘ shall be authorized to enter into a contract with a builder for the completion of said work. ’ ’
The Otto Knoop Company claim to be paid by preference over the Brandin Slate Company and B. Schneider for the reason that the statement sworn to by them was not itemized in the manner required by C. C., 3272.- This ' article is intended to secure the privilege on the property as against third persons, but has no application to the requirements of C. C., 2772, or Act 221 of 1914, to secure the rights of the materialmen on the fund due by the owner. The detailed “statement” mentioned in C. C., 3272 differs from the “attested account” of Article 2772.
8 Ct. of App., 301.
The judgment of the lower 'Court ordered the compensation of the Commissioner and all costs of Court to be paid by the mass from the amount deposited by . the owner. Section 9 of Act 52 of 1912, p. 61, relative to concursus proceedings, provides:
“That the compensation to be allowed the Special Commissioner under this act for his services shall be fixed by the Court in its discretion, having regard *330 to all the circumstances thereof, and the compensation shall be charged upon and borne by the party cast, or the mass, in the discretion of the ’Court.”
The amount of the compensation fixed by the Court is not contested. The only question is who shall pay it. "W e are of the opinion that inasmuch as the appointment of the Commissioner was provoked by plaintiff that she should be charged with paying his compensation. The curator’s fees, like all other costs should also be paid by her over and above the sum of one thousand dollars, as she made no deposit at the time of filing her suit.
52 A., 2070.
It is therefore ordered that the judgment against the plaintiff, Annie Bertucci, widow of Christopher Ingargiola be amended so as to condemn her to deposit in the registry of this Court for account of the parties hereinafter named the sum of one thousand dollars ($1,000) with five per cent per annum interest from July 8th, 1915, till paid, together with two hundred dollars as the compensation of Meyer S. Dreifus, and thirty-five dollars as the fee of Cuthbert S. Baldwin, curator ad hoc, and all the costs of these proceedings in the lower Court, including clerk’s, sheriff’s costs, stenographer’s fees and costs of recordation of privileges in favor of materialmen; said sum of one thousand dollars and interest to be divided ratably .among the following named parties in proportion to the respective claims of each, viz:
1st. Brandin Slate Company, two hundred and twenty 50/100 dollars with five per cent'per .annum interest from April 29th, 1915,
2nd. W. L. Rosenbaum, sixty-two 99/100 dollars with five per cent per annum interest from October 20th, 1915.
*331 Opinion and decree, April 24th, 1916.
3rd. Ben Schneider, Ahrens & Ott Manufacturing 'Company, subrogated, one hundred and seven dollars with five per cent per annum interest from December 13th, 1915.
4th. Otto Knoop Lumber and Realty 'Company, three hundred and fifteen 61/100 dollars with five per cent per annum interest from May 4th, 1915.
5 till. James Demourelle & Son, one hundred and seventy-eight 95/100 dollars with five per cent per annum interest from May 24th, 1915.
6th. Miller-G-oll Manufacturing 'Company two hundred and thirty-two 90/100 dollars with five per cent per annum interest from June 22nd, 1915.
And it is further ordered that as thus amended the judgment of the lower Court be affirmed, the costs of this Court to be paid by the six materialmen hereinabove named.
Judgment amended and affirmed.