GEORGE K. PRATT

vs.                                        No. 7390.

DANNON CASTLE HALL CO.

November 25th. 1918.

CHARLES F. CLAIBORNE, JUDGE.

The question presented in this case is whether a purchaser of property, with a clean mortgage certificate, is bound for the payment of a paving claim recorded subsequent to his purchase, but within sixty days from the date of the issuance of the paving certificate by the proper officers.

The plaintiff alleged, and the facts are, that in 1907 the City made a contract with the Concrete Construction Company to pave Gravier Street, under Act 45 of 1896 and amendments thereto; that at the time said contract was made the Bank Place Realty Co. was the owner of the property No._____ Gravier Street; that on July 25th. 1908 the Realty Co. sold said property to the defendant herein, the Damson Castell Hall Co., which is at present the owner thereof; that the paving claim was not, at that time recorded, and that the mortgage certificate showed no inscription for paving; that the paving of said street was completed by July 10th. 1908, and, on that day, there were issued to the Concrete Construction Company two paving certificates against the Bank Place Realty Co. signed by the commissioner of Public Works and by the City Engineer for the sum of $395.81; that both of those certificates were recorded in the Mortgage Office on September 4th. 1908, forty-one days after the sale by the Realty Co. to the defendant, (July 25), out only fifty-six days after the issuance of the paving certificate, (July 10th. 1908) and within sixty days thereof -; that the plaintiff is the assignee of said paving certificate since June 1912.

The plaintiff prayed for judgment against the defendant for $395.81.

68

The defendant answered that it had no knowledge of plaintiff's claim until a short time prior to the filing of this suit; that the Mortgage Certificate reported no claim for paving; that it purchased on the faith of said certificate; that plaintiff's assignors were negligent in not recording their claim and in not notifying defendant of it.

There was judgment for plaintiff and defendant has appealed. The reasons for judgment were as follows:

"It appears that the work was legally and properly executed while the property was owned by and stood in the name of the Bank Place Realty Co; that after the work was done and before the certificate was issued and recorded, the present defendant, on a clean Mortgage Certificate, purchased the property from the Realty Company. Subsequent to the ~~trans-~~ *Sale,* ~~action and~~ *but* within the sixty days allowed by law for this purpose, the certificate of the City Engineer was recorded against the property. The question before the Court is whether the assignee is entitled to a recognition of his privilege against the new owner? Paving privileges are the highest type of legal rights, priming mortgages, vendor's liens, taxes etc. They owe their existence strictly to the law and hence when that law provides that they may be recorded within sixty days, that proviso is part of the form and only form to fix the privilege".

We concur with the judge of the District Court. Section 97 of Act 158 of 1906 p. 273 provides:

"In all cases, the property-portion of the cost of roadway, or roadways, paving or banquetting shall constitute a first privilege, superior to vendor's lien, or any other privilege or mortgage, and shall be due by such property until paid, though the same be transferred or conveyed by sale for taxes or otherwise; it shall be sufficient evidence of such indebt-

edness to record the roadway, or roadways, paving or banquetting certificates, hereinbefore described, in the office of the Recorder of Mortgages for the Parish of Orleans, within sixty days from the date of their issuance by the City Engineer and Commissioner of Public W~rks".

But the counsel for the defense argues that the paving contractors have sixty days to record their privilege as far only as the owner of the property is concerned; but that as far as other persons are to be affected, who may acquire rights to or upon the property, contractors must record their privilege as soon as it arises, otherwise they lose their privilege; that any other doctrine would lead to the revival of tacit mortgages which have long since been abolished. But the truth is that tacit mortgages are permitted by the constitution, and exist by authority of law. Tacit mortgages existed in this State up to the year 1868. The Constitution of that year, Article 123, provided:

"No mortgage or privilege shall hereafter affect third parties, unless recorded in the Parish where the property to be affected is situated. The tacit mortgages and privileges now existing in this State shall cease to have effect against third persons after the first day of January 1870, unless duly recorded. The General Assembly shall provide by law for the registration of all mortgages and privileges".

It will thus be seen that under the Constitution of 1868 there was an absolute prohibition against the existence of any tacit or unrecorded mortgages or privileges of any kind. No mortgage or privilege could thereafter affect third parties unless recorded, and the general assembly was to provide for their recordation.

The Civil Code of 1870 was revised under its influence. § III was inserted under entirely new articles from 2251 to 2266 providing for "registry". After providing for the mode of recording different acts, Article 2266 concluded by saying that "all sales, contracts, and judgments affecting immovable

property, which shall not be so recorded, shall be utterly null and void, except between the parties thereto. The recording may be made at any time, but shall only affect third persons from the time of the recording".

While article 3241 and 3319 of the Code of 1825 granted a delay of six days within which to record privileges and mortgages, their corresponding articles *of the Code of 1870,* 3274 and 3347 required the act or the evidence of the debt to be recorded "on the day that the contract was entered into".

The jurisprudence of the State enforced the strictness of the new system - 18 A., 143; 27 A., 275, 243, 408, 460; 20 A., 79; 23 A., 286; 24 A., 610; 28 A., 305; 30 A., 1007.

But the rigor of the rule soon worked hardship and defeated just claims. It was in many cases a great inconvenience to record an act on the same day on which it was passed, When an act was passed in one parish to be recorded in another parish, it was impossible to do so on the same day. Therefore, article 176 of the Constitution of 1879 relaxed the law and read as follows: "No mortgage or privilege on immovable property shall affect third persons unless recorded or registered in the parish where the property is situated, in the manner and within the time as is now or may be prescribed by law, etc.".

Article 186 of the Constitutions of 1898 and 1913 retained the same expressions.

Under the Constitution of 1868 the validity of any act granting time to record an act so as to affect third persons might well have been questioned. But under the Constitutions of 1879, 1898 and 1913 there is no doubt that the legislature had that right. Those constitutions might have provided that mortgages and privileges would affect third persons without recordation at any time; therefore they had the power to say that those mortgages and privileges would affect third persons without recordation for a specified time, or "within the time as is now or may (hereafter) be prescribed by law". That time might be long or short, reasonable and just, or unwise and iniquitous; but the legislature had the power to fix the time

71

arbitrarily, and its will became the law. The delay granted the paving contractor for recording his privilege is not the only one accorded a privileged creditor. By Act 45 of 1877 p. 59, regular session, amending article C. C. 3274, the legislature has extended the time for recording acts conferring a privilege from the same day to "seven days from the date of the act or obligation of indebtedness, when the registry is required to be made in the parish where the act was passed or the indebtedness originated and within fifteen days, if the registry is required to be made in any other parish of this State". Whatevermight have been said of the Constitutionality of this act under the Consitution of 1868, there is no doubt that it is valid under the Constitutions of 1879, 1898, and 1913. Under the provisionSof that act there can be no doubt that a privilege conferred by an act passed upon a certain date, but recorded only upon the seventh day thereafter, would take precedence over another privilege granted upon a subsequent day and recorded before the prior act. Thus a vendor upon terms of credit, recording his act of sale in the mortgage office seven days after the date of its passage, would be entitled to a privilege and a preference over a mortgage or privilege granted by the vendee, and recorded, prior to the seventh day after the sale - 16 La. 292; 48 A., 764.

So in the case before us, the legislature has granted the paving contractor a privilege upon the property fronting the pavement and has said that, it would be sufficient, in order to preserve the privilege, to record the cert ..ate within sixty days from the issuance of the paving certificate. To preserve the privilege against whom? Surely not against the owner-of the property. As against him no registry was necessary to preserve the privilege. - 25 A., 555; 15 La., 384; 2 A., 174; 12 A., 183; 15 A., 51; 23 A., 555; 31 A., 284; 27 A., 290.

Upon the day the certificate was issued the property became affected with the privilege as regards the owner; as to him no recordation was necessary. The property was also affected with the privilege, without recordation, as regards third per-

■

sons during sixty days after the issuance of the certificate, because the law, by its very letter, accorded the contractor these sixty days within which to record his privilege.

Counsel for defendant argues that those sixty days were granted only as against those already having rights on the property at the time of the issuance of the certificate; but as to rights subsequently springing into existence, the certificate can have no effect whatever unless recorded prior to the acquisition of these new rights by a third person. We see nothing in the law to thus restrict its operation.

The case of the Etta Contracting Company, 134 La. 48, has no application here. The question in that case was, who of two owners owed the pavement, the owner at the time the ordnance for the paving was passed, or the owner at the time the pavement was completed and the certificate for the same is issued? And the Supreme Court decided it was the latter. Nor have we said anything heretofore in conflict with any of the language used in that opinion.

The Shreveport Bank case, 119 La. 41, is also without influence here. In that case the Court decided that plaintiff's claim was not recorded in the "manner" required by law, because it contained no detailed statement of the amounts due, and was equivalent to no recordation at all. There was no question of the time of recordation.

The recordation of the certificate in the name of the Bank Place Realty Company was proper, because it was the owner of the property at the time of the issuance of the certificate.

If there is any hardship in this case upon the defendant it is due to the clear and unmistakeable language of the law and not to the enforcement of it. The arguments against it should be addressed to the Legislature.

Judgment affirmed.

November 25th. 1918.